Sara Evelyn **RUPPEL**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–78–39.

Court of Criminal Appeals of Oklahoma.

Feb. 20, 1979.

Jess Horn, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Evan A. Douthit, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Sara Evelyn Ruppel, was convicted in Woodward County District Court, Case No. CRM–76–47, of violating the open saloon prohibition and was fined $500.00. In an earlier unpublished opinion, we affirmed her conviction and fine of $500.00 on a like charge of violating the open saloon prohibition in Woodward County District Court Case No. CRM–76–42.

The principal contention of the appellant on this appeal is that this conviction is in violation of Art. II, § 21, of the Oklahoma Constitution and 22 O.S.1971, § 14, which prohibits a second prosecution for an offense for which one has been acquitted or convicted. We agree with this argument and reverse.

On January 30, 1976, two agents of the Alcoholic Beverage Control Board entered the Red Lion Club in Woodward, Oklahoma, and attempted to purchase liquor by the drink. Neither agent was a member of the club. When the waitress initially refused to serve liquor to the agents, they conferred with the appellant who was employed as manager of the club. Agent Corbin, a retired naval officer, showed the waitress his military identification, and agent Hendricks claimed to be a truck driver. The appellant testified the agents said they were in town because of a train wreck which had recently occurred in the vicinity. The appellant then authorized the waitress to serve them out of the "Santa Fe" bottle. Agent Hendricks paid her for the drinks after they had been served. The agents tasted the drinks and concluded that they contained alcohol. A portion of one drink was then covertly poured into a sample bottle and labeled. The two agents then left the club. The sample bottle was taken back to Oklahoma City where it was sealed in a large envelope and delivered to the OSBI for testing. At the trial, a forensic chemist for the Oklahoma State Bureau of

Investigation testified that this particular sample bottle contained 8% alcohol by weight.

On February 3, 1976, the agents returned to the Red Lion Club and again purchased liquor by the drink. Later that same evening they caused the club to be raided.

Two charges of selling liquor by the drink were filed against the appellant, and she was first tried in Case No. CRM-76-42, which involved the January 30 sale of liquor. During the course of that trial, the testimony introduced by the State included a detailed account of what transpired at the Red Lion Club on both nights, January 30 and February 3. The proceedings were predicated upon an information that alleged the appellant *on or about* February 3, 1976, did:

"[U]nlawfully, wilfully, and wrongfully, keep, maintain, manage and operate a place . . . where alcoholic beverage is sold and offered for sale by the drink; and sold, offered for sale and kept for sale for consumption on the premises, in violation of the open saloon prohibitory law of the State of Oklahoma, . . ."

 Due to the general nature of the allegations in this information and the fact that the evidence presented by the State on that occasion concerned at least two distinct incidents where liquor was unlawfully served, we are constrained to hold that the appellant was effectively tried for both of these incidents and convicted of what amounts to a continuing offense—that of operating an open saloon during a period stretching from January 30, 1976, to February 3, 1976. Therefore, when all of the evidence of both transactions was introduced at the subsequent trial, the appellant was a second time placed in jeopardy for the same offense.

The holding in *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), supports this determination:

" '[A] person [who] has been tried and convicted for a crime which has various incidents included in it, . . . cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense.' . . ."

See also, *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

The United States Supreme Court drew this language directly from *Ex parte Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), which dealt with an analogous situation. There, the defendant was first convicted of the offense of unlawful cohabitation and was subsequently convicted of adultery. Both convictions stemmed from the defendant's polygamous marriage. The Supreme Court reversed the adultery conviction, holding that the incident on which the adultery conviction was based was a part of the continuing crime of unlawful cohabitation and that the defendant had therefore been twice placed in jeopardy.

Although *Harris* and *Nielsen*, supra, mandate reversal under the particular circumstances presented in this case, we hasten to point out that they do not preclude separate prosecutions for specific sales of liquor by the drink. This is clear from the case of *Disheroon v. State*, Okl.Cr., 518 P.2d 892 (1974), certiorari denied 419 U.S. 881, 95 S.Ct. 146, 42 L.Ed.2d 121 (1974), in which the defendant allegedly made four sales of controlled substances and drugs during a two week period. We there held each sale was a separate transaction and the defendant could be charged on each sale and conviction on one sale did not preclude prosecution arising from the others.

 This Court has applied the same evidence rather than the same transaction test in determining whether a defendant can be charged with more than one crime, or whether in fact only one crime was committed. Thus, if the two crimes charged each require the proof of at least one fact not required to be proved in the other, the defendant can be charged with more than one crime. See *Webb v. State*, Okl.Cr., 538 P.2d 1054 (1975); *Delaune v. State*, Okl.Cr., 569 P.2d 463 (1977).

 Because the open saloon prohibition states an offense of general character, the State must, if it chooses to prosecute specific sales, separately allege in each informa-

tion some fact or circumstance which will identify the particular offense charged sufficiently to distinguish it from other similar offenses. *Hood v. United States*, 43 F.2d 353 (10th Cir. 1930).

As this case must be reversed on the grounds hereinbefore discussed, we find it unnecessary to discuss the appellant's remaining assignments of error.

For all the above and foregoing reasons, the judgment and sentence appealed from is *REVERSED* and *REMANDED* to the court below with instructions to *DISMISS*.

BRETT, J., concurs.

BUSSEY, J., dissents.