The STATE of Oklahoma, Appellant,

v.

Donald Lee McCOY, Appellee.

No. O–79–392.

Court of Criminal Appeals of Oklahoma.

Nov. 14, 1979.

Terry L. Amend, Dist. Atty., Ted A. Knight, Asst. Dist. Atty., LeFlore County, for appellant.

Elton E. Thompson, Thompson & Thompson, Poteau, for appellee.

## OPINION

BUSSEY, Judge:

On November 13, 1978, Donald Lee McCoy was charged by information with First Degree Manslaughter pursuant to 21 O.S.1971, § 711, ¶ 1, in the District Court, LeFlore County, Case No. CRF–78–261.

The information alleged that on October 13, 1978, the defendant, while driving under the influence of alcohol, had an automobile accident which resulted in a fatality. On November 27, 1978, the defendant entered his plea of guilty to a charge of Driving Under the Influence of Intoxicating Liquor, that being the underlying misdemeanor in CRF–78–261. The court accepted the guilty plea and imposed judgment and sentence on that date. On December 20, 1978, the defendant filed his motion to quash the information and plea of former conviction, contending that the conviction for DUI was a bar to the misdemeanor-manslaughter charge. The magistrate sustained the motions and dismissed CRF–78–261 on January 11, 1979. From the order dismissing charges in CRF–78–261, the State has perfected an appeal to this Court, pursuant to Rule 6 of the Rules of the Court of Criminal Appeals.

We first observe that when a prosecution is based on misdemeanor manslaughter the State must prove beyond a reasonable doubt that the accused committed the misdemeanor and that the misdemeanor was the proximate cause of death. See *Lime v. State*, Okl.Cr., 508 P.2d 710 (1973). This requirement is similar to the burden of proof placed on the State when it relies on the concept of felony murder in a murder prosecution.

In *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), the Supreme Court held that where proof of an underlying felony, i. e., armed robbery, is a necessary element of a felony-murder conviction, the Double Jeopardy Clause bars a subsequent prosecution for armed robbery. In reversing the armed robbery conviction in *Harris*, the Court cited *In re Nielson* 131 U.S. 176, 188, 9 S.Ct. 672, 33 L.Ed. 118 (1889), which stated:

" "[A] person [who] has been tried and convicted for a crime which has various incidents included in it, . . . cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense. 131 U.S. at

188, 9 S.Ct. at 676.' . . ." (Citations omitted)

■ We are of the opinion that the rationale in *Harris* is controlling here and, accordingly, hold that where the State relies on misdemeanor first degree manslaughter, a conviction for the underlying misdemeanor bars a subsequent prosecution for manslaughter in the first degree.

The order of the trial court, dismissing CRF–78–261, is *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.