**UNITED STATES of America, Plaintiff,**

v.

**Donald Lee ABESS, Defendant.**

Civ. A. No. 81–71585.
Crim. No. 79–80439.

United States District Court,
E. D. Michigan, S. D.

Jan. 21, 1982.

John L. Newcomer, Sp. Atty., U. S. Dept. of Justice, Detroit Strike Force, Detroit, Mich., for plaintiff.

Carl Ziemba, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on the government's motion for reconsideration under Local Rule 17(k) of the court's June 16, 1981 order. That order granted the defendant's 28 U.S.C. § 2255 motion and vacated his conviction and sentence on Count II of the Indictment. For the rea-

sons stated below, the government's motion is granted and defendant's conviction and sentence on Count II of the Indictment are reinstated.

On October 16, 1979, a jury convicted defendant of two counts of mail fraud, 18 U.S.C. § 1341, and one count of conspiracy to commit mail fraud, 18 U.S.C. § 371. Defendant was sentenced to two years imprisonment on each count, but all three sentences were made concurrent.

On appeal, the Sixth Circuit Court of Appeals vacated one of the mail fraud convictions for insufficient evidence, and affirmed the other two convictions. *U. S. v. Abess*, 657 F.2d 270 (6th Cir., 1981) (order). Shortly thereafter, defendant moved this court to vacate one of his two remaining convictions on the ground that the same evidence used to prove mail fraud had been used to prove the conspiracy and that, therefore, the defendant's Fifth Amendment right not to be twice convicted and punished for the same offense had been violated.

This court agreed, relying on *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), and vacated the conviction and sentence on Count II of the Indictment after permitting the government to elect which conviction it wished to retain.

The court is now convinced that it erred in granting the defendant's 28 U.S.C. § 2255 motion and, having carefully considered the government's motion for reconsideration and the defendant's answer, is determined to reverse itself.

## DISCUSSION

In *Illinois v. Vitale*, the defendant John Vitale was prosecuted and convicted on a charge of failing to reduce speed after he was involved in a fatal automobile accident. A short time later, he was charged with two counts of involuntary manslaughter ("reckless operation of a motor vehicle"). Vitale protested that he was being charged with a crime which was barred by double jeopardy since he had already been tried and convicted of a lesser included offense. The lower court dismissed the charges on other grounds and the state appealed. The Illinois Supreme Court held that because the lesser offense required no proof beyond that required for conviction of the greater offense, the manslaughter prosecution was barred by double jeopardy. *In re Vitale*, 71 Ill.2d 229, 16 Ill.Dec. 456, 375 N.E.2d 87 (1978).

On appeal, the Supreme Court remanded the case to the Illinois Supreme Court for a determination of whether the manslaughter offense ("reckless operation of a motor vehicle") would always entail proof of a failure to slow, which would make the offenses the "same" under *Blockburger v. U. S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

In so holding, the following language appeared in the court's opinion:

If, as a matter of Illinois law, a careless failure to slow is always a necessary element of manslaughter by automobile, then the two offenses are the "same" under *Blockburger* and Vitale's trial on the latter charge would constitute double jeopardy under *Brown v. Ohio*. In any event, it may be that to sustain its manslaughter case the State may find it necessary to prove a failure to slow or to rely on conduct necessarily involving such failure; it may concede as much prior to trial. In that case, because Vitale has already been convicted for conduct that is a necessary element of the more serious crime for which he has been charged, *his claim of double jeopardy would be substantial* under *Brown* and our later decision in *Harris v. Oklahoma*, 433 U.S. 682 [97 S.Ct. 2912, 53 L.Ed.2d 1054] (1977).

\*     \*     \*     \*     \*     \*

[I]f in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have *a substantial claim of double jeopardy* under the Fifth and Fourteenth Amendments of the United States Constitution. (emphases added) 447 U.S. at 419–21, 100 S.Ct. at 2267.

It was this language from *Illinois v. Vitale* that led this court to rule that where the same evidence is used to prove two separate statutory offenses, double jeopardy bars one of those convictions.

■ It is important to note that the double jeopardy clause of the Fifth Amendment consists of three distinct guarantees: It protects against a second prosecution for the same offense after an acquittal; it protects against a second prosecution for the same offense after a conviction; and it protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Illinois v. Vitale.*

However, the Supreme Court has indicated that "same offense" may have different meanings in these different contexts. In *Whalen v. U. S.*, 445 U.S. 684, 700, 100 S.Ct. 1432, 1442, 63 L.Ed.2d 715 (1980), Justice Rehnquist said in dissent:

> [T]he scope of each of these three protections turns upon the meaning of the words "same offense," a phrase deceptively simple in appearance but virtually kaleidoscopic in application. Indeed, we have indicated on at least one prior occasion that the meaning of this phrase may vary from context to context, so that two charges considered the same offense so as to preclude prosecution on one charge after an acquittal or conviction on the other need not be considered the same offense so as to bar separate punishments for each charge at a single proceeding.

That "one prior occasion" was in *Brown v. Ohio*:

> The *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecution will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first. [Citing *Ashe v. Swenson*, 397 U.S. 436 [90 S.Ct. 1189, 25 L.Ed.2d 469] (1970) and *In Re Nielsen*, 131 U.S. 176 [9 S.Ct. 672, 33 L.Ed. 118] (1889).] 432 U.S. at 166–67 n. 6, 97 S.Ct. at 2225–26 n.6.

*Vitale*, relying heavily on *Brown v. Ohio*, was a "subsequent prosecution" case. John Vitale objected to being tried a second time for what he claimed was the "same offense." It was in this context that the Supreme Court wrote the words which this court construed in its June 16, 1981 order.

By contrast, this case is a "multiple punishment" case. Defendant Abess claims that one set of proofs, adduced in *one proceeding*, proved two statutory offenses and that, therefore, he was twice put in jeopardy. When a defendant is threatened with being twice tried for the "same" offense, certain interests are at stake—e.g. the interest in avoiding the trauma and expense of having to run the gauntlet twice—which are not at stake when a defendant is tried only once on multiple counts.

If the Supreme Court, in *Illinois v. Vitale*, has significantly expanded the meaning of "same offense", it has done so in the context of a "subsequent-prosecution" type case. There is no indication it meant to go further. Because the protection against a second prosecution is at the very heart of the double jeopardy guarantee, this court is unwilling to extend *Vitale* to bar multiple punishment where the defendant is convicted of mail fraud and conspiracy to commit mail fraud, even though the same evidence was used to prove both offenses.

Alternatively, it may be that the Supreme Court in *Illinois v. Vitale* did not intend to significantly expand the meaning of "same offense." That is, the Court may not have meant to suggest that henceforth courts should look at the actual evidence adduced, even in "subsequent-prosecution" type cases.

The crucial dicta, which this court relied on in its earlier order, suggested that Vitale might have a "substantial" double jeopardy claim "under *Brown* and our later decision in *Harris v. Oklahoma*, 433 U.S. 682 [97 S.Ct. 2912, 53 L.Ed.2d 1054] (1977)." 477 U.S. at 420, 100 S.Ct. at 2267. In *Harris*, the defendant was convicted of felony-mur-

der and then retried for robbery, the actual felony underlying his felony-murder conviction. The court held that the second prosecution was barred by double jeopardy. Even though Oklahoma's felony-murder statute did not on its face require proof of a robbery—any felony would do—the court chose to treat the statute as composed of constituent offenses, e.g. robbery-murder, rape-murder, etc., and the particular underlying felony as a species of lesser-included offense.

This suggests that the court thought *Vitale* might turn out to be just another *Harris* situation. That is, under Illinois law, one element of the manslaughter statute is a "reckless act" (just as felony-murder has as one element a felony). If that reckless act was itself the offense on which Vitale was earlier tried and convicted (the lesser included), then he could not be prosecuted for the greater offense under the reasoning of *Harris.* See *Illinois v. Vitale*, 447 U.S. 410, 426, 100 S.Ct. 2260, 2270, 65 L.Ed.2d 228 (1980) (Stevens, J. dissenting).

*Whalen v. U. S.*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), extended the reasoning of *Harris* to the multiple-punishment situation. The court there held that a defendant could not be sentenced under the District of Columbia's rape statute and felony-murder statute where the rape was the predicate felony for the felony-murder charge.

*Pandelli v. U. S.*, 635 F.2d 533 (6th Cir. 1980), spelled out an "alternative formulation" interpretation of *Whalen* and *Vitale.* According to *Pandelli*, when a statute is multi-purpose and written with many alternatives, the applicable alternatives must be identified for the particular case before double jeopardy analysis is applied. If after the inapplicable alternatives are eliminated, the elements of two charged offenses are still identical, then double jeopardy bars multiple punishment.

> What the reviewing court must do now in applying *Blockburger* is go further and look to the legal theory of the case or the elements of the specific criminal cause of action for which the defendant was con-

victed without examining the facts in detail. 635 F.2d at 538.

 In light of this interpretation of *Vitale* and *Whalen*, it is evident that the government's motion for reconsideration must be granted. Clearly, a charge under 18 U.S.C. § 1341, even when all inapplicable alternatives are stripped away, and a charge under 18 U.S.C. § 371 do not have the same elements. For example, § 1341 requires proof of a scheme or artifice to defraud, while § 371 requires proof of a scheme or artifice to defraud, while § 371 requires proof of an agreement. Those elements could conceivably be proved with the same evidence, but they are not the same statutory elements. See *Pereira v. U. S.*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

This then is an alternative reason why the court's earlier reliance on *Illinois v. Vitale* was misplaced. The government's motion for reconsideration is granted and the defendant's conviction and sentence on Count II of the Indictment are reinstated.

So ordered.