Jimmy Dale McKINNON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–81–456.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1982.

Burke Mordy, Mordy, Clark & Hester, Ardmore, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Criminal Appellate Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Jimmy McKinnon was tried in Carter County District Court and convicted of Eluding a Police Officer. He was sentenced to three (3) months in the county jail and assessed a one thousand dollar ($1,000) fine.

The dispositive issue is whether the prosecution for eluding a police officer violated double jeopardy principles. We conclude that it did.

This prosecution arose out of an automobile accident. On September 5, 1979, appellant, McKinnon, was racing his Trans-Am in Wilson, Oklahoma. He asked two police officers if they wanted to race him down Main Street. Both officers declined his invitation. A short while later, McKinnon sped out of a store parking lot and began racing down Main Street. The police officers pursued him at over eighty miles per hour. About two miles down the road McKinnon passed a truck and lost control of his car, resulting in the death of the passenger in McKinnon's car.

In his first trial, McKinnon was tried and convicted of misdemeanor-manslaughter under 21 O.S.1981, § 711(1). As predicate misdemeanor offenses to the manslaughter

prosecution the State alleged Driving Under the Influence of Intoxicating Liquors, Reckless Driving and Eluding a Police Officer. The State introduced evidence of all three misdemeanors during the manslaughter trial.

The issue is whether the Double Jeopardy Clause of the Fifth Amendment bars the State from subsequently prosecuting McKinnon for the crime of Eluding a Police Officer. Where the State in a misdemeanor-manslaughter prosecution relies upon and proves the predicate misdemeanor, the State is precluded from subsequently prosecuting the accused for the predicate misdemeanor. *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977).

In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court enunciated the test to determine whether two offenses are the same for double jeopardy purposes barring subsequent prosecutions. In *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), the Supreme Court asserted:

> ... where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

In *Harris v. Oklahoma,* supra, the Supreme Court held that in felony murder prosecutions where the murder conviction "cannot be had without conviction of the lesser crime ... the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one." 433 U.S. at 682, 97 S.Ct. at 2913.

Applying this principle to the case at bar, we find that the conviction of the greater offense, manslaughter, could not be sustained without a conviction on the lesser offense, Eluding a Police Officer, therefore the Double Jeopardy Clause bars prosecution for the eluding a police officer after the State has obtained a conviction on the greater offense of manslaughter. See *Illinois v. Vitale* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Accordingly, we REVERSE the appellant's conviction for eluding a police officer with instructions to dismiss.

BRETT, P. J., and BUSSEY, J., concur.