**The STATE of Wyoming, ex rel. Teresa SMITH, Petitioner,**

v.

**The DISTRICT COURT OF SEVENTH JUDICIAL DISTRICT and Dan Spangler, Seventh Judicial District Court Judge, Respondents.**

No. 91–252.

Supreme Court of Wyoming.

Feb. 28, 1992.

---

Les Bowron, Casper, for petitioner.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara Boyer, Sr. Asst. Atty. Gen., and John Masterson, Asst. Dist. Atty., for respondents.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

## ORDER DENYING PETITION FOR WRIT OF PROHIBITION

This matter came before the Court upon a Petition for Writ of Prohibition and Defendant's Brief in Support of Petition for Writ of Prohibition together with Petitioner's Addendum of Exhibits filed herein on behalf of the Petitioner on November 27, 1991, and Response in Opposition to Petitioner's Petition for Writ of Prohibition and Respondent's Brief Opposing Petitioner's Petition for Writ of Prohibition, filed herein on behalf of the Respondents on December 19, 1991, and the Court, having examined the pleadings together with the exhibits incorporated therein, and being fully informed in the premises, finds that the Petition for Writ of Prohibition seeks a review in Criminal Action No. 11354, *State of Wyoming v. Teresa Smith,* now pending in the District Court, Seventh Judicial District in and for Natrona County, and asserts that the District Court lacks jurisdiction on the ground of double jeopardy; the Petition and Brief do not identify any action which the law specifically enjoins as a duty of the district court or a judge thereof; they do not advise this court as to the absence of any adequate remedy at law; it appears that the right of appeal from any final order or judgment is an adequate remedy; and the Petition for Writ of Prohibition should be denied; and it, therefore, is

ORDERED that the Petition for Writ of Prohibition be, and the same hereby is, denied.

URBIGKIT, C.J., dissents.

URBIGKIT, Chief Justice, dissenting.

What conduct was involved in the marijuana possession misdemeanor offense for which petitioner had already pled guilty and been sentenced and what conduct will be involved in this pending felony charge of conspiracy to deliver marijuana that the State now intends to sequentially prosecute? Of course, the general events in each of these two sequential prosecutions are identical as originally started with the inadvisable utilization of a cordless telephone at petitioner's residence. Conversations were casually overheard and then reported. Not apparently satisfied with the first sentence after guilty plea, the prosecutor now seeks to retry the same course of conduct to extrapolate a more severe punishment by a second prosecution with this conspiracy-charged felony.

In my opinion, the basic premise of double jeopardy now millenniums old has a real application to this case. If the State wanted to go for multiple counts, a same-time prosecution should have sufficed. The law, and in particular prosecution of alleged criminal conduct has adequate challenges without permitting a breaking up into pieces of one course of activity for sequential prosecutions in separate proceedings.

We not only demean and diminish the sanctity of Wyo. Const. art. 1, § 11,[1] but ignore federal constitution and case law supremacy and judicatory reality in attempting to distinguish *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct.2084, 109 L.Ed.2d 548 (1990). This is an identity of conduct criminal case applying re-proof in dual sequential prosecutions. *Corbin,* now only two years old, in following the broad principles of *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); and *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), is disregarded within a nearly identical factual relationship. Furthermore, *Corbin* should have been no stranger to Wyoming law in November 1990 when this case basically developed or April 1991 when the criminal charge was made and the plea accepted on the controlled substance misdemeanor offense which was originally prosecuted to entered sentence.

Double jeopardy for this circumstance means in reality one prosecution. That first prosecution having passed with original charge and criminal proceeding completion should now grant the relief requested by petitioner to deny a second prosecution. *Corbin,* 495 U.S. 508, 110 S.Ct. 2084; *Harris,* 433 U.S. 682, 97 S.Ct. 2912. The fundamental right to be constitutionally protected against successive prosecutions traceable back to Greek and Roman times, *Bartkus v. Illinois,* 359 U.S. 121, 151–57, 79 S.Ct. 676, 695–97, 3 L.Ed.2d 684, *reh'g denied* 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258 (1959), Black, J., dissenting, should not be so lightly disregarded.

I would grant the relief requested by petitioner by application of both the double jeopardy preclusions of U.S. Const. amend. V and Wyo. Const. art. 1, § 11.

---

1. Wyo. Const. art. 1, § 11 states:

    No person shall be compelled to testify against himself in any criminal case, nor shall any person be twice put in jeopardy for the same offense. If a jury disagree, or if the judgment be arrested after a verdict, or if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy.