William R. WILLS, Appellant,

v.

STATE of Indiana, Appellee.

No. 09S02–9207–CR–525.

Supreme Court of Indiana.

July 2, 1992.

Jim Brugh, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Richard A. Maughmer, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

William R. Wills was convicted of robbery, a class A felony. Wills petitions this Court to accept transfer because his conviction violated both federal and state prohibitions against double jeopardy. The Court of Appeals, in an unpublished memorandum decision, disagreed and affirmed the conviction. 582 N.E.2d 490 (1991). We grant transfer, reverse, and remand for a new trial because of the effect of an erroneous jury instruction.

The facts leading to Wills' conviction are set forth fully in *Braswell v. State* (1990), Ind., 550 N.E.2d 1280. The facts necessary for our decision, however, follow. On February 13, 1987, Wills and a friend, Braswell, entered the bedroom of Wills' roommate, James F. Sutton. Wills and Braswell began beating Sutton. Wills attempted to suffocate Sutton with a pillow. Braswell then shot Sutton to death. Braswell and Wills took property from the home and fled. In June of 1988, Wills entered a plea of guilty to voluntary manslaughter, a class A felony, and received a 35–year sentence. After an appeal to this Court, his sentence was reduced to voluntary manslaughter as a class B felony, for which he received 20 years. On January 30, 1990, the State charged Wills with murder and robbery as a class A felony. Those charges stemmed from the same incident that led Wills to plead guilty to voluntary manslaughter. Subsequently, the State dismissed the murder charge. His conviction for robbery, a class A felony, followed.

### Double Jeopardy

Wills claims that his prosecution and conviction for robbery violated the double jeopardy clauses of both the federal and state constitutions. He argues that this results from the fact that the State

used the death of James Sutton to satisfy both the element of "killing" for the charge of voluntary manslaughter and the element of "serious bodily injury" necessary for a conviction of class A robbery. This, he says, results in his being twice punished for the same offense.

The jury in this case was instructed as follows: "It is proper for the State to charge and try defendant for both voluntary manslaughter and robbery resulting in serious bodily injury, based upon the same death." This instruction informed the jury that the death of James Sutton could fulfill both the "death" element of voluntary manslaughter and the "serious bodily injury" element of class A robbery. Allowing two separate convictions stemming from the same act is a violation of double jeopardy. *See Harris v. Oklahoma* (1977), 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054; *Grady v. Corbin* (1990), 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548. Here, because the court instructed the jury that the element of Sutton's death satisfied both offenses, Wills was convicted twice for the same act, viz, killing Sutton. Thus, the constitutional principle of double jeopardy was violated.

It is conceivable that Wills could have been convicted on both charges of voluntary manslaughter and class A robbery. To do so, however, necessitated an instruction requiring the jury to find that Wills inflicted serious bodily injury upon Sutton separate and distinct from that which caused his death. The record reveals that this, in fact, did happen. Wills struck Sutton in the head several times and attempted to suffocate Sutton with a pillow. The jury could have found that these two acts satisfied the "serious bodily injury" element of class A robbery. This proper result was not possible, however, in that the jury was specifically, and exclusively, instructed that they could find that the "serious bodily injury" element could be fulfilled by the "death" of Sutton. This instruction led the jury to convict Wills of class A robbery, that is, robbery resulting in serious bodily injury, based on an act for which he had already been punished. Wills' conviction for class A robbery vio-lates the prohibition against double jeopardy and, therefore, must be vacated. This cause is hereby remanded to the trial court for a new trial.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., concurs, with separate opinion.

DeBRULER, Justice, concurring.

I agree that this conviction for robbery must be reversed. However, I am convinced that the double jeopardy clause of the fifth amendment, governing here through the Fourteenth Amendment, as interpreted in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), prohibits the retrial of appellant Wills for robbing Sutton and commands his discharge and release from this robbery charge.

On February 13, 1987, with theft in mind, Wills and Braswell proceeded to rob and kill the victim Sutton. They crawled into Sutton's bedroom. Both struck him. Wills smothered and held him down. Within five seconds Braswell got a gun and shot and killed Sutton as he was being held by Wills. Both stole his goods and chattels and then left.

Appellant Wills was convicted upon his plea of guilty for killing Sutton. After this conviction the State charged him with the robbery of Sutton. The conduct which had been proved as the factual basis for his plea for killing, and taken into account for his enhanced sentence for killing, is the same conduct proved by the State in the trial on this later robbery charge, i.e., striking, smothering, shooting and stealing.

Robbery is the taking from another's person or presence by use of force on a person. Under the circumstances here that force on Sutton resulted in his death. Appellant's guilt for robbery of Sutton could not be established without proving the same conduct charged in the first prosecution. Appellant's retrial on this charge, like his first trial on this charge, is barred.