103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommie N. KEITH, Jr., Defendant-Appellant.
 No. 94-10496.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1996.
Decided Dec. 5, 1996.
 
 Before: WOOD,* SCHROEDER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tommie Keith burned down his video store and submitted an inflated insurance claim for his loss. A jury convicted him of four counts: (1) arson to commit a felony, 18 U.S.C. § 844(h)(1); (2) arson of property in interstate commerce, 18 U.S.C. § 844(i); (3) mail fraud, 18 U.S.C. § 1341, based on Keith's submitting a claim for the building he burned, and (4) mail fraud, 18 U.S.C. § 1341, because the claim was inflated. Keith was sentenced to 111 months. We affirm.
 
 The Fraudulent Repair Receipt
 
 3
 The district court's admission of the evidence concerning the fraudulent repair receipt is reviewed for abuse of discretion. See United States v. Bracy, 67 F.3d 1421, 1432 (9th Cir.1995).
 
 
 4
 Keith argues the evidence of his attempt to obtain a fraudulent repair receipt was offered solely to show his propensity to commit insurance fraud. The admission of evidence for that purpose alone would violate Federal Rule of Evidence 404(b). However, the evidence also demonstrated Keith's intent to defraud and/or the absence of mistake in overvaluing his claims, and was properly admitted for that purpose.
 
 
 5
 This Circuit has characterized Rule 404(b) as "a rule of inclusion," emphasizing that evidence of other acts is admissible "except where it tends to prove only criminal disposition." United States v. Ayers, 924 F.2d 1468, 1472-73 (9th Cir.1991) (emphasis in original). Where the same evidence proves both intent and propensity, it is properly admitted to show intent so long as its probative value on intent is not substantially out-weighed by the danger of unfair prejudice. See id. at 1474. In this case, there was little danger Keith would be unfairly prejudiced by evidence of his previous attempt to submit a fraudulent claim, as the government demonstrated by ample evidence that Keith had submitted many other overvalued claims in this case. The prejudicial effect was at worst cumulative, while the probative value as to fraudulent intent was substantial, because the evidence of the prior attempt showed intent to defraud on a different occasion, from which the jury could infer that Keith's overvaluations in the wake of the fire were not submitted by mistake. The district court did not abuse its discretion in admitting the evidence.
 
 The Relabeled Videotape
 
 6
 Because Keith made no objection to this line of questioning at trial, we review only for plain error. Bracy, 67 F.3d at 1432.
 
 
 7
 The questioning regarding the "K-9" videotape was directed at ascertaining the purpose for Keith's calls to other video stores. The government contended Keith made those calls to set up a former employee for the arson, while the defense maintained those calls were attempts to determine the true owner of the tape. The questioning at issue was proper rebuttal of the defense's characterization of the purpose of the phone calls.
 
 
 8
 Furthermore, this line of questioning was on a minor issue, and occupied only a few moments of a three week trial. At closing argument, the prosecution did not mention the relabeled videotape; it thus did not rely on this evidence to show propensity. Even if it had, the evidence was too insignificant to have even remotely affected the outcome of the trial. Its admission did not affect Keith's "substantial rights," and therefore did not constitute plain error. See Bracy, 67 F.3d at 1433; United States v. Baker, 10 F.3d 1374, 1416 (9th Cir.1993), cert. denied, 115 S.Ct. 330 (1994).
 
 Improper Closing Argument
 
 9
 Because Keith did not object to the prosecutor's closing remarks, we review for plain error. Baker, 10 F.3d at 1415.
 
 
 10
 There is no question that the prosecutor's remarks were improper. Characterizations of a defendant as the "type of person" who would commit the crime charged are at the very heart of Rule 404(b)'s prohibition. See United States v. Brown, 880 F.2d 1012, 1014 (9th Cir.1989). On appeal, the government admits its error in having made this argument.
 
 
 11
 Although the prosecutor's argument was improper, the court's failure to strike it sua sponte was not plain error. Plain error is "a highly prejudicial error affecting substantial rights," and we reverse for plain error only in very exceptional situations, where reversal is necessary to prevent miscarriage of justice or preserve the integrity and reputation of the judicial process. United States v. Giese, 597 F.2d 1170, 1199 (9th Cir.), cert. denied, 444 U.S. 979 (1979). "When the evidence against a defendant is so strong that the absence of prosecutorial misconduct would not have changed the jury's verdict, plain error will seldom be found." Id.
 
 
 12
 In this case, there was overwhelming evidence that Keith burned his business in order to collect the insurance proceeds and overvalued his insurance claim. The evidence showed that:
 
 
 13
 . the fire was deliberately set;
 
 
 14
 . Keith was in dire financial condition and his business was losing money;
 
 
 15
 . he increased his insurance coverage shortly before the fire to substantially more than the business was worth;
 
 
 16
 . he called his security company shortly before the fire to determine whether its records could show when the alarm system was activated and deactivated;
 
 
 17
 . he falsely accused a former employee of vandalism and told several people that if something happened to the store they should look to that person;
 
 
 18
 . he printed out a complete inventory of the store shortly before the fire, something he had not done before; and
 
 
 19
 . the building alarm was deactivated between 9:31 and 9:42 p.m., during which time:
 
 
 20
 . no other employee who knew the security code was at the store;
 
 
 21
 . Keith was in the same shopping center as the store;
 
 
 22
 . Keith's car was seen in front of the store;
 
 
 23
 . the front door of the store was seen ajar; and
 
 
 24
 . the fire started.
 
 
 25
 The evidence also established beyond doubt that Keith overvalued many of the items on his insurance claim.
 
 
 26
 In light of this evidence, we see no likelihood that the prosecutor's improper argument affected the jury's verdict. The trial court's error, if any, in failing sua sponte to strike the improper argument was not the "highly prejudicial error affecting substantial rights" which would justify reversal for plain error. See Baker, 10 F.3d at 1416; Giese, 597 F.2d at 1199.
 
 Double Jeopardy
 
 27
 Keith argues that his conviction and punishment both for arson to commit a felony, § 844(h)(1), and for arson of property in interstate commerce, § 844(i), violates the Double Jeopardy Clause. This argument is without merit.
 
 
 28
 Keith's cumulative punishment for the two counts was imposed after a single trial. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678 (1983). Where Congress indicates its clear intent to impose cumulative punishment, even for the same conduct, imposition of such cumulative punishment in a single proceeding does not violate the Double Jeopardy Clause. Id. at 368, 103 S.Ct. at 679; United States v. Martinez, 49 F.3d 1398, 1402 & n. 6 (9th Cir.1995), cert. denied, 116 S.Ct. 749 (1996).
 
 
 29
 Congress has indicated its clear intent that when an act of arson is done in furtherance of another federal felony, a five year minimum sentence is to be imposed consecutively to any other term of imprisonment. 18 U.S.C. § 844(h). "Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, ... a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." Hunter, 459 U.S. at 368-69, 103 S.Ct. at 679.
 
 
 30
 Keith's contention that arson of property in interstate commerce, § 844(i), is a lesser included offense of arson to commit a felony, § 844(h)(1), is without merit. The former requires proof of an element the latter does not: that the property burned had been used in interstate commerce. § 844(i); see U.S. v. Karlic, 997 F.2d 564, 570-71 (9th Cir.1993). Keith's reliance on United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849 (1993), Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912 (1977), and United States v. Chaney, 559 F.2d 1094 (7th Cir.1977), is also unavailing because the § 844(h)(1) conviction is predicated not upon the § 844(i) offense but upon the independent felony of mail fraud. See Karlic, 997 F.2d at 571. Karlic, not Dixon, controls. The district court did not err in following Karlic.
 
 
 31
 "Grouping" Under the Guidelines
 
 
 32
 Keith did not object to the court's interpretation of the guidelines at sentencing. We therefore review solely for plain error. United States v. Koenig, 952 F.2d 267, 272 (9th Cir.1991).
 
 
 33
 Chapter 3, Part D of the Sentencing Guidelines provides for grouping offenses together "to prevent multiple punishment for substantially identical offense conduct." U.S.S.G. Ch. 3, Pt. D, intro. comment. (Nov. 1993). Keith concedes that § 844(h)(1) requires a sixty month sentence consecutive to any other sentence imposed, but argues that to avoid "multiple punishment for substantially identical offense conduct" as required by Ch. 3 Pt. D, the court may not use the Count Two offense level in addition to the Count One mandatory consecutive sentence, because that would have the effect of imposing additional incremental punishment for the same conduct. Keith suggests instead that the maximum permissible sentence is that for mail fraud, offense level 18, plus the mandatory sixty months consecutive.
 
 
 34
 Keith's reliance on Ch. 3, Pt. D overlooks § 3D1.1(b), which provides, "Any count for which the statute mandates imposition of a consecutive sentence is excluded from the operation of §§ 3D1.2-3D1.5." Keith's two arson counts cannot be "grouped" under § 3D1 as Keith suggests. The guidelines as well as the statute are clear that Keith's sixty month sentence under § 844(h)(1) is to run consecutively to his sentence under § 844(i). See U.S.S.G. § 5G1.2(a) and comment.
 
 
 35
 The district court did not err in its imposition of sentence.
 
 CONCLUSION
 
 36
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3