

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1555-07

**JARED DANIEL LITTRELL, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## POTTER COUNTY

**KELLER, PJ., filed a dissenting opinion.**

Felony murder and aggravated robbery are not the "same offense" under *Blockburger*[1] because each offense requires proof of a fact that the other does not. A person commits felony murder if he "commits or *attempts to commit* a felony," and in the course of that commission or attempted commission, he causes the death of an individual.[2] Felony murder thus requires the death of an individual, while aggravated robbery does not. And aggravated robbery requires a *completed*

---

[1] *Blockburger v. United States*, 284 U.S. 299 (1932).

[2] T ex. Pen. Code §19.02(b)(3)(emphasis added).

aggravated robbery, while felony murder does not. The indictment in the present case tracked the language of the felony murder statute. Supreme Court precedent in this area, and a flood of cases following from various jurisdictions, have for the most part failed to address the "attempt" aspect of their felony murder statutes. In a terse *per curiam* opinion in *Harris v. Oklahoma*, the Supreme Court reached the unexceptional conclusion that felony murder and robbery were the same offense when the robbery was part of the proof required to establish the felony murder.[3] Specifically, the Supreme Court stated: "When, as here, conviction of a greater crime, murder, *cannot be had* without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one."[4] In a footnote to that sentence, the Supreme Court explicitly set forth the assumption it was making: "The State conceded in its response to the petition for certiorari that 'in the Murder case, it was necessary for all the ingredients of the underlying felony of Robbery with Firearms to be proved.'"[5] But in the present case, it was not necessary to prove the commission of an aggravated robbery to obtain a conviction for felony murder; proving an attempt would have sufficed.

Then in *Whalen v. United States*, the Supreme Court held that rape was a lesser-included offense of felony murder, when the theory of felony murder was killing the same victim in the course of rape.[6] The Supreme Court observed that the District of Columbia's definition of felony murder required proof of a killing and of "the commission or attempted commission of rape or of one of five

---

[3] 433 U.S. 682 (1977).

[4] *Id.* at 682 (emphasis added).

[5] *Id.* at 682 n.*.

[6] 445 U.S. 684 (1980).

other specified felonies."[7] But the Court made no further reference to the attempt aspect of the statute, and it did not say whether "attempt" language was included in the indictment. The Court's discussion seems to indicate that it was not, since it characterized the two offenses before it as "rape" and "killing the same victim in the perpetration of rape."[8] The Court said that "proof of a rape is a necessary element of proof of the felony murder."[9] The Supreme Court never discussed what it would have held if the D.C. felony murder prosecution had required only proof that a rape was attempted.

In a concurring opinion in *State v. Enmund*, Justice Shaw succinctly explained the effect "attempt" language had in distinguishing a felony murder from its so-called underlying offense under *Blockburger*:

> This proposition can be seen most clearly by recognizing that an attempted felony can also be a predicate for felony murder: the only predicate proof required is that a felony was intended; there is no requirement to prove the non-intent elements of the felony. An attempted felony serves just as well as a completed felony as a predicate felony for felony murder. With this understanding of the underpinning of the felony murder rule in mind, application of the rule of *Blockburger* [citation omitted] to the statutory elements [of felony murder] and the predicate felonies listed therein show that each contains at least one element unique to itself.[10]

The Rhode Island case of *Jefferson v. State*[11] provides a concrete illustration of how felony murder based on an *attempt* to commit the underlying felony is a different offense than the *completed*

---

[7] *Id.* at 686.

[8] *Id.* at 685.

[9] *Id.* at 694.

[10] 476 So. 2d 165, 169 (Fla. 1985)(Shaw, J., concurring)(case citation omitted, text substituted for statutory citation).

[11] 472 A.2d 1200 (R.I. 1984).

underlying felony. In that case, the defendant was indicted for both robbery and murder.[12] At trial, the judge granted a judgment of acquittal on the robbery count but instructed the jury on felony murder in the course of an attempted robbery, and the defendant was convicted of felony murder.[13] In response to the defendant's claim that the acquittal on the robbery count precluded a conviction for felony murder, the Supreme Court of Rhode Island pointed out that the applicable felony murder statute permitted a conviction if the killing occurred during the perpetration or attempted perpetration of certain felonies, and thus, "the attempt to commit any of the enumerated felonies may serve as a distinct underlying felony for invoking the felony-murder rule."[14] The failure to prove a completed robbery did not necessarily prevent the State from showing an attempted robbery, and thus establishing felony murder.[15]

Of course, appellant's felony murder charge alleged both the commission and attempted commission of aggravated robbery. But even if commission and attempt with respect to the underlying offense are alternate methods of committing felony murder,[16] then appellant procedurally defaulted his Double Jeopardy claim because (it appears) he failed to object on those grounds to the

---

[12] *Id.* at 1202.

[13] *Id.*

[14] *Id.* at 1202-03.

[15] *Id.* at 1203. *See also People v. Ream*, 481 Mich. 223, 241-242, 750 N.W.2d 536, 546-47 (2008) (First-degree felony murder and the underlying felony are different offenses under *Blockburger*.).

[16] It could be that the language "commits or attempts to commit" contained in the felony murder statute signifies that a person is guilty of felony murder if he *at least* attempts to commit the underlying felony; essentially, the "commit" portion of the phrase incorporates the rule codified for attempt offenses that "[i]t is no defense to prosecution for criminal attempt that the offense attempted was actually committed." *See* TEX. PEN. CODE §15.01(c).

submission of both theories of felony murder to the jury.[17]

I respectfully dissent.

Filed: October 15, 2008
Publish

---

[17] *Langs v. State*, 183 S.W.3d 680, 686-87, 689 (Tex. Crim. App. 2006).