KONENKAMP, Justice
(concurring in result).
[¶ 28.] Although I agree with the result the Court reaches, I disagree with its declaration that “[i]t is possible to commit a felony murder without committing a first-degree arson and vice versa.” See supra Majority Opinion ¶ 14. Under the Block-burger rule, convictions of two criminal offenses arising from the same act are prohibited only when the greater offense necessarily includes all the elements of the lesser offense.[7] Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). For felony murder, the United States Supreme Court has consistently treated the conviction of a predicate felony and a conviction of the felony murder charge itself as the same offense under the Double Jeopardy Clause. See Harris v. Oklahoma, 433 U.S. 682, 682-83, 97 S.Ct. 2912, 2912-13, 53 L.Ed.2d 1054 (1977) (per curiam) (defendant convicted for felony murder based on underlying offense of robbery with firearms; subsequent prosecution for robbery with firearms precluded by the Double Jeopardy Clause); see also Payne v. Virginia, 468 U.S. 1062, 1062, 104 S.Ct. 3573, 3573-74, 82 L.Ed.2d 801 (1984) (per curiam) (same).
[¶ 24.] In South Dakota, arson is one of the necessary predicate offenses of first-degree felony murder. SDCL 22-16-4(2). Therefore, applying the Blockburger rule here, arson constitutes the same offense as felony murder for purposes of double jeopardy analysis, where the felony murder statute requires the act be committed by a person “engaged in the perpetration of ... any arson,” SDCL 22-16-4 (1995), and the first-degree arson statute requires an act of arson — “intentionally set[ting] fire to ... any occupied structure!)]” SDCL 22-33-1 (1995). It is not possible to prove felony murder under SDCL 22-16-4 without also proving arson under SDCL 22-33-1. Our issue in this case concerns not the conviction of two offenses, but the resulting punishment.
[¶ 25.] Nor do I agree with the Court’s reasons for declining to follow Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Whalen is distinguishable for different reasons. First, it can be read narrowly to apply only to consecutive sentences. Here the sentences were concurrent. Second, the Whalen Court construed District of Columbia law, in which the Court found that a district sentencing statute “clearly confirms that Congress intended the federal courts to adhere strictly to the Blockbur-ger test when construing the penal provisions of the District of Columbia Code.” Id. at 692, 100 S.Ct. at 1438. South Dakota has no equivalent statute.
[¶26.] Yet, as the Court points out, application of the Blockburger rule does *843 not end our double jeopardy analysis. “[T]he Blockburger rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history.” Garrett v. United States, 471 U.S. 773, 779, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985). If the “legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the ‘same’ conduct under Blockburger, a court’s task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.” Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).
[¶27.] I agree with the Court’s rationale for concluding that our Legislature intended felony murder and arson to be separately punishable offenses. Other courts have reasoned likewise. See, e.g., State v. Greco, 216 Conn. 282, 579 A.2d 84, 89-92 (1990); State v. McCovey, 803 P.2d 1234, 1239 (Utah 1990).

. Contrary to the Court’s claim, this writing does not part ways with the federal Blockburger analysis. Contra Roberts v. State, 712 N.E.2d 23, 30 (Ind.Ct.App.1999) (applying a more stringent test) (cited by this Court in Dillon, 2001 S.D. 97, ¶ 20, 632 N.W.2d at 46). Rather, Blockburger is not conclusive on whether multiple punishments are precluded for different offenses arising out of the same conduct. Dillon, 2001 S.D. 97, ¶ 14, 632 N.W.2d at 43.