ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, SECOND CIRCUIT, PARISH OF BOSSIER CRICHTON, J., would grant and docket and assigns reasons: hi would grant and docket the State’s writ application. Defendant was charged and convicted of second degree murder and aggravated burglary. The court of appeal found that from the record it was unable to conclude that the predicate underlying felony for the charge of second degree murder was not aggravated burglary. State v. Thomas, 50,929, p. 30 (La. App. 2 Cir. 8/10/16), 201 So.3d 263, 280. Because the double jeopardy clause prohibits prosecution for both a felony murder and an underlying felony, see, e.g., Harris v. Oklahoma, 433 U.S. 682, 682, 97 S.Ct. 2912, 2913, 53 L.Ed.2d 1054 (1977), the court of appeal vacated. defendant’s conviction for aggravated burglary. But the State argues that the court of appeal may have conflated separate and distinct acts of aggravated burglary. In my view, this record-intensive question requires a more thorough treatment than what was performed by the court of appeal. Therefore, I would grant the State’s writ application, order briefing, and docket for oral argument.