THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDUARDO CARRILLO *et al.*, Defendants-Appellants.

First District (3rd Division)   Nos. 1—90—2924, 1—90—2925 cons.

Opinion filed September 29, 1993.

Rita A. Fry, Public Defender, of Chicago (Tina Liebling, Assistant Public Defender, of counsel), for appellants.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Andrea Bonin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CERDA delivered the opinion of the court:

Defendants, Eduardo Carrillo and Dolly Stacey, were indicted for the murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(1)), felony murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(a)(3)), and first degree murder (Ill. Rev. Stat. 1987, ch. 38, pars. 9—1(a)(1), (a)(2)) of Helen Serafin, who died on December 26, 1988, from a gunshot wound that she suffered on September 17, 1979. Defendants moved to dismiss the indictments based on double jeopardy. The trial court denied the motion and defendants filed this interlocutory appeal.

The sole issue on appeal is whether defendants may be prosecuted for murder, felony murder, and first degree murder where they were previously prosecuted for the acts that ultimately caused the victim's death.

In 1979, Stacey rented the basement apartment in her home to Serafin. After Serafin started causing problems, Stacey wanted to evict her, but Serafin refused to leave. So, Stacey asked a friend, Miguel Bruno, to find someone to scare Serafin by breaking down her apartment door. Stacey thought that Serafin would move out if she were scared in the apartment.

Shortly after midnight on September 17, 1979, Stacey and Bruno were in Stacey's first-floor apartment when they heard someone break into the basement apartment and ask Serafin for money. About five minutes later, Stacey heard shots. When she ran downstairs and saw Serafin sitting in a pool of blood, she called the police.

Defendants were originally indicted for offenses arising from the incident. Carrillo pleaded guilty to attempted murder (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4, 9—1), home invasion (Ill. Rev. Stat. 1979, ch. 38, par. 12—11), armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2), burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1), aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4), and armed violence (Ill.

Rev. Stat. 1979, ch. 38, par. 33A—2). He was sentenced to concurrent terms totalling 25 years' imprisonment.

After a bench trial, Stacey was found guilty by accountability of home invasion and burglary. The trial court stated that Stacey was found guilty of home invasion based on it being a general intent crime. Stacey was acquitted of attempted murder, aggravated battery, armed robbery, and armed violence. She was sentenced to six years' imprisonment.

Serafin lingered *in extremis* until December 26, 1988, when she died. The Cook County medical examiner determined that the cause of death was the gunshot wound she suffered in the 1979 home invasion.

On November 14, 1989, defendants were indicted for Serafin's murder. The indictments, which alleged that the offense occurred on September 17, 1979, included felony murder and felony first degree murder premised on the commission of home invasion, burglary, and armed robbery as well as first degree murder based on the intent to kill or cause great bodily harm, and murder and first degree murder based on the knowledge of a strong probability of death or great bodily harm.

Both the United States Constitution and the Illinois Constitution of 1970 prohibit a person from being twice placed in jeopardy for the same offense. (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10.) The constitutional guarantee against double jeopardy affords three types of protections: (1) protection against a second prosecution after acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense. (*Illinois v. Vitale* (1980), 447 U.S. 410, 415, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2264; *People v. Stefan* (1992), 146 Ill. 2d 324, 333, 586 N.E.2d 1239.) The double jeopardy clause protects an accused from attempts to relitigate the facts underlying a prior acquittal or to secure additional punishment after a prior conviction. (*Brown v. Ohio* (1977), 432 U.S. 161, 165-66, 53 L. Ed. 2d 187, 194, 97 S. Ct. 2221, 2225.) Where successive prosecutions are at stake, the guarantee serves a constitutional policy of finality for the defendant's benefit. *Brown*, 432 U.S. at 165, 53 L. Ed. 2d at 194, 97 S. Ct. at 2225.

One of the earliest double jeopardy cases decided by the United States Supreme Court was *Diaz v. United States* (1912), 223 U.S. 442, 56 L. Ed. 500, 32 S. Ct. 250. In *Diaz*, the defendant was convicted of assault and battery for injuring the victim by blows and kicks. Subsequently, the victim died as a result of the beating and the defendant was charged with murder. The Court denied the defend-

ant's motion to dismiss based on double jeopardy and convicted the defendant of the homicide. *Diaz*, 223 U.S. at 444-45, 56 L. Ed. at 501, 32 S. Ct. at 251.

The Court affirmed the conviction based on its finding that murder and assault and battery were distinct offenses because murder had an additional element. (*Diaz*, 223 U.S. at 448-49, 56 L. Ed. at 503, 32 S. Ct. at 251.) In addition, the Court held that double jeopardy did not bar the defendant's reprosecution because the court that convicted him of assault and battery, the Justice of the Peace of the Philippine Islands, had no jurisdiction to try him for homicide. (*Diaz*, 223 U.S. at 449, 56 L. Ed. at 503, 32 S. Ct. at 251.) Thus, the Court concluded that assault and battery could not be considered as a lesser included offense of homicide. *Diaz*, 223 U.S. at 449, 56 L. Ed. at 503, 32 S. Ct. at 251.

In 1932, the United States Supreme Court set forth a test in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182, to determine what constitutes the same offense for double jeopardy purposes. The *Blockburger* test focuses on comparing the elements of the two crimes. (*Brown*, 432 U.S. at 166, 53 L. Ed. 2d at 194, 97 S. Ct. at 2226.) For a successive prosecution to be proper, there must be proof of an additional element of one offense that the other offense does not have. *Blockburger*, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182.

Since *Blockburger* was decided, the Court has ruled that double jeopardy involves collateral estoppel as well as existence of lesser and greater included offenses. In 1970, the Court decided *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189, which discussed the rule of collateral estoppel as embodied in double jeopardy. Collateral estoppel means that an issue of ultimate fact cannot be litigated between the same parties in any future lawsuit when that issue has already been determined by a valid and final judgment. (*Ashe*, 397 U.S. at 443, 25 L. Ed. 2d at 475, 90 S. Ct. at 1194.) In criminal cases, collateral estoppel is applied with realism and rationality in that the totality of the circumstances of the prior proceedings is examined to determine whether a rational trier of fact could have made its decision on grounds other than those being litigated in the subsequent proceeding. *Ashe*, 397 U.S. at 444, 25 L. Ed. 2d at 475-76, 90 S. Ct. at 1194-95.

In *Ashe*, double jeopardy barred the defendant's second prosecution for robbing a participant in a poker game because his first trial had determined that he was not present at the robbery. (*Ashe*, 397 U.S. at 446, 25 L. Ed. 2d at 477, 90 S. Ct. at 1195-96.) The *Ashe*

Court concluded that the record did not indicate that the first jury could rationally have found that an armed robbery had not occurred or that the victim at trial had not been a victim of that robbery. (*Ashe*, 397 U.S. at 445, 25 L. Ed. 2d at 476, 90 S. Ct. at 1195.) The Court determined that the only rationally conceivable issue in dispute before the jury was whether the defendant had been one of the robbers. (*Ashe*, 397 U.S. at 445, 25 L. Ed. 2d at 476, 90 S. Ct. at 1195.) The Court decided that, by its verdict, the jury found that the defendant was not one of the robbers. *Ashe*, 397 U.S. at 445, 25 L. Ed. 2d at 476, 90 S. Ct. at 1195.

In 1977, in *Harris v. Oklahoma* (1977), 433 U.S. 682, 682, 53 L. Ed. 2d 1054, 1056, 97 S. Ct. 2912, 2913, the Court held that when conviction of a greater crime requires the conviction of the lesser crime, double jeopardy bars prosecution for the lesser crime after conviction of the greater crime. "[A] person [who] has been tried and convicted for a crime which has various incidents included in it... cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence [*sic*]." *Harris*, 433 U.S. at 683, 53 L. Ed. 2d at 1056, 97 S. Ct. at 2913.

The defendant in *Harris* was first convicted of felony murder based on robbery with firearms after his companion shot a grocery store clerk during a robbery. Later, he was convicted of robbery with a firearm. Since it was necessary for the underlying felony to be proven in the felony murder trial, the Court held that the subsequent prosecution for the underlying crime was barred by double jeopardy. *Harris*, 433 U.S. at 682, 53 L. Ed. 2d at 1055-56, 97 S. Ct. at 2912-13.

In *Brown* (432 U.S. at 169, 53 L. Ed. 2d at 196, 97 S. Ct. at 2227), the Court established that double jeopardy bars successive prosecution and cumulative punishment for a greater and lesser included offense. For the purposes of double jeopardy, the greater offense is the same as any lesser included offense. (*Brown*, 432 U.S. at 168, 53 L. Ed. 2d at 196, 97 S. Ct. at 2226-27.) The Court explained that if the *Blockburger* test had been strictly applied in *Ashe*, double jeopardy would not have precluded the subsequent trials. (*Brown*, 432 U.S. at 166 n.6, 53 L. Ed. 2d at 195 n.6, 97 S. Ct. at 2226 n.6.) Separate convictions for the robbery of each victim would have required proof in each case that a different individual had been robbed. *Brown*, 432 U.S. at 166 n.6, 53 L. Ed. 2d at 195 n.6, 97 S. Ct. at 2226 n.6.

In 1980, the Court decided *Vitale* (447 U.S. at 421, 65 L. Ed. 2d at 238, 100 S. Ct. at 2267), where the Court reiterated the principle in *Harris* that a person who has been convicted of a crime having

several elements cannot be subsequently tried for a lesser included offense. The reverse is also true. A conviction on a lesser included offense bars subsequent trial on the greater offense. *Vitale*, 447 U.S. at 421, 65 L. Ed. 2d at 238, 100 S. Ct. at 2267.

In the *Vitale* case, the defendant was convicted for failing to reduce speed to avoid an accident in violation of an Illinois statute regulating drivers of motor vehicles. Later, based on the same accident, defendant was charged with involuntary manslaughter under a criminal statute. The Court followed the reasoning of the *Blockburger* case and looked to see if the manslaughter charges required proof of an element that the failure-to-reduce-speed charge did not. The Court stated that if in the manslaughter prosecution, the State relied on and proved a failure to reduce speed to avoid an accident as the act necessary to prove manslaughter, it would constitute double jeopardy. On the other hand, if the State relied on different reckless acts to prove manslaughter, then there would be no double jeopardy violation.

Similarly, in *Payne v. Virginia* (1984), 468 U.S. 1062, 1062, 82 L. Ed. 2d 801, 802, 104 S. Ct. 3573, 3573-74, the Court held that the second prosecution was barred by double jeopardy because the murder conviction required a conviction on the lesser crime of robbery. The defendant had been convicted of robbery after his conviction for murder committed during the course of the robbery. *Payne*, 468 U.S. at 1062, 82 L. Ed. 2d at 802, 104 S. Ct. at 3573.

In 1990, the Court decided *Grady v. Corbin* (1990), 495 U.S. 508, 520, 109 L. Ed. 2d 548, 563-64, 110 S. Ct. 2084, 2092-93, where the Court held that the *Blockburger* test was inadequate to protect defendants from the burden of multiple trials. Under *Grady*, a successive prosecution would have been barred if the State would prove conduct that constitutes an offense for which the defendant had been previously prosecuted. *Grady*, 495 U.S. at 521, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.

Recently, however, in *United States v. Dixon* (1993), 509 U.S. ___, 125 L. Ed. 2d 556, 113 S. Ct. 2849, the Supreme Court overturned *Grady*, thus rejecting its same conduct test. Instead, the Court applied the *Blockburger* same elements test.

Within the same elements test, the Court analogized the *Dixon* case to the earlier *Harris* case. The Court described *Harris* as "standing for the proposition that, for double jeopardy purposes, 'the crime generally described as felony murder' is not 'a separate offense distinct from its various elements.' " *Dixon*, 509 U.S. at ___, 125 L. Ed. 2d at 569, 113 S. Ct. at 2857.

Also included within the *Blockburger* same elements test are the greater and lesser included offenses. *Dixon*, 509 U.S. at ____, 125 L. Ed. 2d at 572-75, 113 S. Ct. at 2859-62; see also *Vitale*, 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260; *Harris*, 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912; *Brown*, 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221.

In Illinois, the only case with similar facts to this case is *People v. Harrison* (1946), 395 Ill. 463, 473, 70 N.E.2d 596, where the court held that the defendant's previous acquittal on a charge of assault with a deadly weapon did not bar successive prosecution for murder after the victim died. At the time *Harrison* was decided, the rule was that if a victim died as a result of an injury within a year and a day after the injury was inflicted, the defendant could be charged with murder. (*Harrison*, 395 Ill. at 472-73, 70 N.E.2d 596.) Otherwise, there could be no prosecution for murder.

Applying the *Blockburger* test, the prosecutions of Carrillo and Stacey for murder and felony murder are not barred. Not only does murder have the additional element of the victim's death, but also a different intent element. Attempted murder requires the intent to kill where murder requires the intent to kill or to cause great bodily harm or the knowledge that one's actions will cause death or the knowledge that one's acts create a strong probability of death or great bodily harm. (Ill. Rev. Stat. 1987, ch. 38, par. 9—1.) Therefore, under the *Blockburger* test, attempted murder and murder are not the same offense.

Even so, the prosecutions for felony murder based on home invasion, burglary, and armed robbery are barred under the lesser/greater included offense analyses of *Harris, Brown,* and *Vitale.* Neither defendant can be prosecuted for felony murder since Carrillo was convicted of the lesser included offenses of home invasion, burglary, and armed robbery, and Stacey was convicted of the lesser included offenses of home invasion and burglary, and acquitted of the lesser included offense of armed robbery.

Furthermore, the prosecution of both defendants for felony murder based on home invasion, burglary, and armed robbery is barred by collateral estoppel. The *Dixon* decision does not affect the Court's earlier decisions involving collateral estoppel, which was not raised in *Dixon*. (*Dixon*, 509 U.S. at ____, 125 L. Ed. 2d at 573, 113 S. Ct. at 2860.) Carrillo was convicted of all three underlying felonies and Stacey was convicted of home invasion and burglary, and acquitted of armed robbery.

Collateral estoppel would also bar prosecution for murder based on the intent to kill since the ultimate issue of the intent to kill has already been decided in the earlier prosecutions of both defendants for attempted murder.

In addition, collateral estoppel bars the prosecution for murder based on the intent to cause great bodily harm. The prior prosecutions for aggravated battery decided the ultimate issue of whether defendants intentionally or knowingly caused great bodily harm to Serafin. Aggravated battery occurs when a

> "person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement" while armed. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4.)

Battery occurs when

> "[a] person commits battery if he intentionally or knowingly without legal justification and by any means, *** causes bodily harm to an individual." Ill. Rev. Stat. 1987, ch. 38, par. 12—3.

Finally, collateral estoppel does not bar the prosecution of Carrillo and Stacey for murder based on the knowledge that the actions will cause death or create a strong probability of death or great bodily harm. Since those issues were not litigated in the prior prosecutions, double jeopardy does not bar the current prosecutions based on those intents.

For these reasons, we reverse in part and affirm in part. We reverse the circuit court judgment denying defendants' motion to dismiss the felony murder indictment, the felony first degree murder indictment, and the murder and first degree murder indictments based on the intent to kill or commit great bodily harm. We affirm the circuit court's judgment denying defendants' motion to dismiss the murder indictments based on the knowledge that the actions will cause death or create a strong probability of death or great bodily harm.

Reversed in part; affirmed in part.

RIZZI and GREIMAN, JJ., concur.