**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fidel DAVILA, Defendant-Appellant.**

No. 81–2138.

United States Court of Appeals,
Tenth Circuit.

Nov. 29, 1982.

Lawrence W. Allred of Toulouse, Toulouse & Garcia, P.A., Albuquerque, N.M., for defendant-appellant.

Wayne Chew, Asst. U.S. Atty., Albuquerque, N.M. (Don J. Svet and Robert J. Baca, Asst. U.S. Attys., Albuquerque, N.M., on brief), for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

SETH, Chief Judge.

Fidel Davila was convicted of two counts of embezzlement of government funds in violation of 18 U.S.C. § 641. Mr. Davila was the Executive Director of the New Mexico Family Planning Council, a nonprofit, largely federally funded organization which was designed to pass on funds to family planning services in New Mexico. In the course of his duties Mr. Davila did some travelling, for which the organization reimbursed him out of federal funds. A system of travel vouchers and claims was used to document the reimbursement. Mr. Davila was convicted of falsifying those claims and converting the travel money to his own use.

The government's case consisted of twelve witnesses and twenty-seven exhibits. The testimony relevant to this appeal concerned two of Mr. Davila's trips. Testimony showed that on one trip Mr. Davila could not have done the things that he had said he had done when he filled out his vouchers. Further testimony showed that on another trip a hotel bill for which Mr. Davila had been reimbursed was in fact paid by a corporation which employed a close friend of Mr. Davila. Some testimony indicated that Mr. Davila attempted to give money to his friend for the hotel bill, but it was not clear whether he had actually given it. These two incidents, the false statements on the travel vouchers and the outside payment of a hotel bill, form the basis of the two counts of embezzlement and conversion for which Mr. Davila was convicted.

Mr. Davila alleges error on the basis of an insufficiency of the evidence. He claims that the government had a burden to show not only that he did not spend federal funds as he had claimed, but also that he used those funds for his private enjoyment. The possibility that he spent the money for public purposes, he claims, raises a reasonable doubt as a matter of law. Mr. Davila further argues with regard to the incident of the hotel bill that his alleged attempt to repay his friend raises a reasonable doubt as a matter of law.

For a case to meet the standard for sufficiency of the evidence it is not required that an appellate court exclude every reasonable hypothesis, but only that it find that a jury might reasonably have done so. *United States v. Black,* 644 F.2d 445 (5th Cir.). *See Champion Home Builders v. Shumate,* 388 F.2d 806 (10th Cir.). It is true that the evidence relied upon to convict Mr. Davila is circumstantial. A conviction may be founded on circumstantial evidence, however. *See United States v. Stubin,* 446 F.2d 457 (3d Cir.). Further, because the crime of embezzlement presupposes lawful possession, circumstantial evidence is often the only indicium of a felonious intent to convert. On this basis, courts have held that a failure to provide adequate explanation of false statements regarding property is sufficient. *Roberts v. United States,* 151 F.2d 664 (5th Cir.). We hold that a jury could reasonably exclude the possibilities that Mr. Davila had spent the money on public purposes or that he had repaid his friend. The evidence, although circumstantial, is sufficient to support the verdict.

Mr. Davila also alleges error in the jury instructions. He argues that a fiduciary relationship between the defendant and the United States is an essential element of the crime of embezzlement under 18 U.S.C. § 641, and that the trial judge's failure to instruct on that element is reversible error. We disagree.

The question of whether a fiduciary relationship is an essential element of 18 U.S.C. § 641 was squarely addressed in *United States v. Miller,* 520 F.2d 1208 (9th Cir.). The court there stated:

"Section 641 is not limited to persons who come into possession of property by virtue of a particular fiduciary relationship, but rather applies to all persons, regard-

less of their employment. Under such a statute, it is not necessary to instruct the jury that a fiduciary relationship is an essential element of the offense of embezzlement."

This reasoning is consistent with two Supreme Court cases which discuss the sufficiency of an indictment for embezzlement under similar statutes. *Moore v. United States,* 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422; *United States v. Northway,* 120 U.S. 327, 7 S.Ct. 580, 30 L.Ed. 664. Both of these cases stress the need to allege that the property was lawfully come by, but neither mentions a requirement that the lawful possession be through a fiduciary relationship as distinct from that of an employee. In a definition of embezzlement the Court includes both possibilities. In *Moore,* the Court said:

"Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come."

Under this definition, lawful original possession is enough to support the crime of embezzlement; it is not necessary to prove a breach of fiduciary duty.

The First Circuit has reached the same result by a different route. In *United States v. Sullivan,* 498 F.2d 146 (1st Cir.), which deals with a similar statute directed toward labor union employees, the court relied for its conclusion on the multiple charges of the statute. *Sullivan* construed 29 U.S.C. § 501(c) which penalizes a labor union employee who "embezzles, steals, or unlawfully or willfully abstracts or converts to his own use" the property of the union. The court held that even if the crime of embezzlement required an instruction on a fiduciary relationship, the crime of unlawful conversion does not, and that a conviction under the whole statute is thus proper without the instruction.

The present case is similar. 18 U.S.C. § 641 punishes anyone who "embezzles, steals, purloins, or knowingly converts to his own use" property of the United States Government. The jury could have found Mr. Davila guilty of knowingly converting funds, which does not require an instruction on a fiduciary relationship. Mr. Davila would be properly convicted for violation of 18 U.S.C. § 641, which embraces several common law crimes of which embezzlement is only one. *See Colella v. United States,* 360 F.2d 792 (1st Cir.). The failure to instruct on a fiduciary relationship between Mr. Davila and the United States Government was not reversible error, first because the crime of embezzlement does not require such an instruction. Second, even if it did require that instruction, the statutory crime charged against Mr. Davila embraces more than the crime of embezzlement and can support a conviction in the absence of a fiduciary relationship.

■ Mr. Davila next assigns error to the trial court's admission of exhibits in the form presented by the government. The government packaged the travel vouchers, claims and cancelled checks into red folders, each of which represented a separate trip by Mr. Davila. We cannot say that the form of these exhibits suggests error, especially as, in response to the defense counsel's objections, the trial court required the prosecution to lay a separate foundation for each document within each package. The admission of exhibits is within the sound discretion of the trial judge, and no prejudice has been shown to demonstrate that the court abused that discretion here.

■ Mr. Davila's final contention is also a claim that the trial court abused its discretion in that the court limited oral arguments to thirty minutes for each side. Again, the length of oral argument is within the trial court's discretion and will not be modified absent a clear abuse. We find no abuse in this case. *See United States v. Gleeson,* 411 F.2d 1091 (10th Cir.).

Accordingly, the judgment is affirmed.