F I L E D
United States Court of Appeals
Tenth Circuit

January 25, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

VICKY L. CROOK,

      Defendant-Appellant.

No. 05-7106
(E.D. Okla.)
(D.Ct. No. 05-CR-24-P)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

      The district court dismissed fifteen counts of theft of public money, in violation of 18 U.S.C. § 641, against Appellant Vicky L. Crook following a hung jury and prior to a retrial on the same offenses; thereafter, a grand jury indicted Ms. Crook on one count of theft of funds by an agent of an organization receiving federal program funds, in violation of 18 U.S.C. § 666. Following the district court's denial of her double jeopardy claim, a jury convicted Ms. Crook of

_____

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

violating § 666, and the district court sentenced her to eighteen months imprisonment, thirty-six months supervised release, and restitution in the amount of $38,400.22. Ms. Crook appeals her conviction and sentence, contending: (1) the district court erred in denying her double jeopardy claim, causing her to be tried twice for the same offense in violation of the Fifth Amendment; (2) insufficient evidence supported the jury verdict; and (3) her sentence is improper under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Ms. Crook's conviction and sentence.

## I. Factual Background

From July 1994 to March 2001, Ms. Crook was employed as the executive director of the Stilwell Housing Authority, a federally-funded organization providing low income housing for needy families in the Stilwell, Oklahoma area.[1]

---

[1] Neither party nor their counsel has fully provided applicable portions of the record on which they rely or references to the record in their appeal briefs, as required under Federal Rules of Appellate Procedure 10 and 28 and Tenth Circuit Rules 10, 28.1, and 28.2. We remind counsel it is the responsibility of the parties to provide the applicable portions of the records on which they rely, as well as the applicable record references in support of their briefs. *See generally Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) (holding "[w]here the record is insufficient to permit review we must affirm"); *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (explaining court will not sift through the record in absence of essential references to the record in a party's brief); *Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995) (stating it is not this court's burden to hunt down pertinent materials when a proper record is not

(continued...)

Both Ms. Crook and her secretary received rental payments from housing authority tenants, after which they placed the payments in a bank bag, issued the tenants a receipt, and kept copies of the receipts for office use. At the end of the day, Ms. Crook counted the payments, reconciled the receipts, made out a deposit slip, and took the daily deposit to the bank. Ms. Crook's secretary never handled or delivered the bank deposits.

In 2000, a company performing fee accounting services for the Stilwell Housing Authority discovered a discrepancy between the amounts of money collected, as evidenced by the receipts, and the amounts deposited in the bank. In December 2000, another entity took over the fee accounting services and subsequently reported to the United States Department of Housing and Urban Development (HUD) (the federal agency providing federal funding to the Stilwell Housing Authority) that approximately $50,000 was missing in deposits from the housing authority and someone was "lapping" payments by using current rental payments to cover earlier shortages. Thereafter, a certified public accountant determined money from the housing authority rental payments was not being

[1](...continued)
provided on appeal). In this case, however, we can proceed to assess the merits of Ms. Crook's appeal because the district court and other pleadings characterize the contents of certain documents and proceedings, and the limited size of the record on appeal allows us to more readily locate the pertinent portions of the record not referenced by the parties.

deposited into the bank. A HUD employee reviewing the matter confirmed someone was improperly "lapping" rental payments by taking money received in the current month to pay money which was due in previous months.

A forensic auditor with the HUD Inspector General's Office conducted an audit which revealed a consistent pattern of deposits which were less than the rent payments made to the Stilwell Housing Authority. In addition, an investigation by a special agent with the HUD Inspector General's Office revealed the same person stole the money because the method of theft and cover-up was the same. In addition, discrepancies associated with the missing deposits continued after Ms. Crook's secretary left employment with the housing authority. However, when Ms. Crook was questioned by different individuals about the missing funds, she claimed her secretary, whom she fired, was culpable for the missing money. At trial, several bank employees confirmed Ms. Crook was the only person who made deposits on behalf of the Stilwell Housing Authority. Additionally, through testimony of the government's HUD witnesses, certain records were admitted into evidence at trial, including various banking records, rental receipts, over 100 deposit slips, and a prepared schedule and spread sheet documenting Ms. Crook's suspect transactions with regard to the rental monies.

## II. Procedural Background

A grand jury indicted Ms. Crook on fifteen counts of embezzlement or theft of government funds in violation of 18 U.S.C. § 641. A jury trial commenced which concluded with a hung jury. After the case was reset for trial, Ms. Crook filed a motion for dismissal from prosecution on grounds the government failed to establish the money taken belonged to the federal government. Following the government's response, the district court entered an order granting Ms. Crook's motion and dismissing the criminal case against her based on its determination no evidence offered at trial established the theft of tenant payments involved government funds.

A few months later, a grand jury indicted Ms. Crook on one count of violating 18 U.S.C. § 666 for theft of funds by an agent of an organization receiving federal program funds. Ms. Crook filed a motion for dismissal on double jeopardy grounds. The district court denied Ms. Crook's motion, and thereafter the trial commenced, with a jury finding Ms. Crook guilty.

Prior to and at sentencing, Ms. Crook objected to the probation officer's recommendation in the presentence report that the district court apply a six-level enhancement to her sentence under United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") § 2B1.1(b)(1)(D), for theft of at least $30,000 but

less than $70,000. Ms. Crook objected to the enhancement on grounds the jury did not make a finding beyond a reasonable doubt on the amount taken. The district court overruled Ms. Crook's objection, applied the six-level enhancement in calculating her Guidelines range at fifteen to twenty-one months imprisonment, and sentenced her to eighteen months imprisonment. This appeal followed.

## III. Discussion

### A. Double Jeopardy Claim

The crux of Ms. Crook's appeal rests on her double jeopardy claim, in which she argues "[t]he district court incorrectly denied [her] double jeopardy argument and improperly permitted [her] to be tried twice for the same offence." Apt. Br. at 5-6. In support of her double jeopardy argument, she claims: (1) the district court's dismissal of the first § 641 offenses barred her retrial on the second § 666 offense, based on the principles outlined in *United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977), and because an essential element of the first offense was not proven when the government failed to provide evidence the money taken belonged to the government; (2) the second indictment and trial were impermissibly predicated on the "same conduct" as the first indictment and trial; and (3) the second offense for which she was tried is a lesser included offense of the first § 641 offenses.

We address Ms. Crook's double jeopardy claim by first examining the basic legal principles and our standard of review on double jeopardy claims. "The Double Jeopardy Clause provides that no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb.'" *United States v. Morris*, 247 F.3d 1080, 1083 (10th Cir. 2001) (quoting U.S. Const. amend. V). We have said "[t]his protection applies not only to successive prosecutions but also to successive punishments for the same offense." *Id.* (relying on *United States v. Dixon*, 509 U.S. 688, 696 (1993)). In determining if two successive punishments or prosecutions violate the double jeopardy clause, we apply the "same evidence" test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), which "provides that offenses charged are identical in law and fact only if the facts alleged in one would sustain a conviction if offered in support of the other." *United States v. Mintz*, 16 F.3d 1101, 1104 (10th Cir. 1994) (quotation marks and citation omitted). In other words, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304. This test is met "notwithstanding a substantial overlap in the proof offered to establish the crimes." *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975).

In applying the "same evidence" test, the Supreme Court has rejected

application of the "same conduct" test once applied in double jeopardy cases.[2] *Dixon*, 509 U.S. at 703-04 (overruling *Grady*, 495 U.S. at 510). Thus, we have determined "a person may be prosecuted for more than one crime *based on the same conduct* (1) if each crime requires proof of a fact that the other does not or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions." *Morris*, 247 F.3d at 1083 (emphasis added and quotation marks and citations omitted). While ''[w]e review the factual findings underlying the defendant's double jeopardy claim for clear error ..., [t]he district court's ultimate determination regarding double jeopardy is, however, a question of law we review de novo." *United States v. Rodriguez-Aguirre*, 73 F.3d 1023, 1024-25 (10th Cir. 1996) (citation omitted). The defendant has the burden of proving double jeopardy in order to prevail on such a claim. *See Mintz*, 16 F.3d at 1104.

Having considered the applicable legal principles and our standard of review, we examine the statutes at issue. The statute on which Ms. Crook's first offenses were predicated, 18 U.S.C. § 641, states in relevant part:

Whoever embezzles, steals, purloins, or knowingly converts to his

---

[2] The "same conduct" test would prohibit "'a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution ..., the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted ....'" *Dixon*, 509 U.S. at 703-04 (quoting *Grady v. Corbin*, 495 U.S. 508, 510 (1990)).

use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof ... [s]hall be fined under this title or imprisoned not more than ten years, or both ....

18 U.S.C. § 641. We have determined § 641 applies to all persons regardless of their employment or fiduciary duty, *see United States v. Davila*, 693 F.2d 1006, 1007-08 (10th Cir. 1982), and the elements which must be proven under the statute include proof the accused person: (1) intentionally;[3] (2) embezzled, stole, purloined, or converted;[4] (3) a record, voucher, money, or something of value exceeding $100;[5] (4) which the government owned.[6] *See generally* 18 U.S.C. § 641.

---

[3] Intent, while not explicitly mentioned in the statute, is an element of any crime under § 641. *See Morissette v. United States*, 342 U.S. 246, 263 (1952). Intent applies to embezzlement, stealing, purloining, and conversion and does not mean "the thief knew who owned the property he took," but it is "enough that he knew it did not belong to him." *United States v. Speir*, 564 F.2d 934, 937-38 (10th Cir. 1977). *See also United States v. Leavitt*, 599 F.2d 355, 360 (10th Cir. 1979).

[4] *See United States v. Hill*, 835 F.2d 759, 763 (10th Cir. 1987) (explaining embezzlement, stealing, and conversion are alternate means of committing the statutory offense under § 641).

[5] *See Speir*, 564 F.2d at 938-39 (indicating one element under § 641 requires proof the property is valued over $100).

[6] *See United States v. McPhilomy*, 270 F.3d 1302, 1307 (10th Cir. 2001) (indicating the United States' ownership of the property is an element of § 641 which must be proven).

In contrast, Ms. Crook's second offense was based on 18 U.S.C. § 666, which states in relevant part:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists–
>
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof–
>
> (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that–
>
> (i) is valued at $5,000 or more, and
>
> (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; ...
>
> shall be fined under this title, imprisoned not more than 10 years, or both.
>
> (b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. § 666(a) and (b). We have explained the elements of proof for conviction under § 666(a) require the government to prove the defendant:

> (1) was an agent of an organization, state, local, or Indian tribal government, or any agency thereof, (2) [who] embezzled, stole, obtained by fraud, or otherwise without authority knowingly converted ... property, (3) that is valued at $5,000 or more, and (4) that was owned by, or under the care, custody, or control of such organization, government, or agency.

*United States v. Frazier*, 53 F.3d 1105, 1110 (10th Cir. 1995). In addition, under

§ 666(b), the government must prove that such organization, government, or agency "annually benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." *United States v. Pretty*, 98 F.3d 1213, 1218 (10th Cir. 1996) (quotation marks and citation omitted).

In comparing the elements of § 641 and § 666, it is clear there is a substantial overlap of some of the elements. However, the two statutes are distinct from each other because each offense requires proof of a fact the other does not. Specifically, § 641 requires proof of federal ownership of the money or property taken, while § 666 requires no proof of federal ownership and, instead, requires proof Ms. Crook was an agent of the entity from which she took money and said entity received at least $10,000 annually from the federal government. Because these different elements require different evidentiary proof, the circumstances presented do not implicate the *Blockburger* "same evidence" test required for a successful double jeopardy claim.

For these reasons, we reject Ms. Crook's claim the district court's dismissal of the first offense barred her retrial because an essential element was not proven when the government failed to provide evidence the money taken belonged to the government. The fact Ms. Crook was acquitted under § 641 does not preclude her

retrial under § 666 because it plainly does not require proof the money belonged to the government. Having made this determination, we find Ms. Crook's reliance on *Martin Linen Supply* misguided. In that case, the Supreme Court held that following discharge of the jury, a district court's judgment of acquittal, entered under Federal Rule of Criminal Procedure 29(c) on grounds the government failed to prove facts supporting the crime alleged, prevented the government from appealing said acquittal on double jeopardy grounds. 430 U.S. at 572, 575. In contrast, in this case, the government did not appeal the district court's acquittal of the § 641 charges, but rather brought a new charge under § 666, which requires proof of at least one separate and distinct element from § 641.

Next, although we have long applied the *Blockburger* "same evidence" test in analyzing double jeopardy claims, Ms. Crook asks us to apply the "same conduct" test applied in *Grady v. Corbin; Illinois v. Vitale*, 447 U.S. 410 (1980); and *Brown v. Ohio*, 432 U.S. 161 (1977). She contends her second prosecution constituted double jeopardy because it involved the same conduct as her first prosecution, which also required proof of embezzlement, theft, or conversion.

Admittedly, both cases involved Ms. Crook taking the same amount of money in the same way from the tenant rental payments. However, the "same

conduct" test announced by the Supreme Court in *Grady* was soundly overturned in *Dixon*, when the Court explained the "same conduct" rule was "wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." *Dixon*, 509 U.S. at 704. We also reject Ms. Crook's reliance on *Brown v. Ohio* and *Illinois v. Vitale*. In rejecting the "same conduct" test, the Supreme Court, in *Dixon*, explained that *Brown v. Ohio* contains no support for the "same conduct" test, except for a footnote based on dictum which contradicts the text of the opinion. 509 U.S. at 706. It also explained *Vitale* did not suggest a "same conduct" test. *Id.* at 707. Thus, as previously indicated, we rely on the "same evidence" test, and therefore, Ms. Crook can "be prosecuted for more than one crime *based on the same conduct*" if, as here, "each crime requires proof of a fact that the other does not ...." *Morris,* 247 F.3d at 1083 (emphasis added). For these reasons, we must reject Ms. Crook's claim both offenses are impermissibly predicated on the "same conduct," constituting double jeopardy.

As an alternative argument, Ms. Crook relies on *Harris v. Oklahoma*, 433 U.S. 682 (1977), and *Brown v. Ohio* for her argument § 666 is a lesser included offense of § 641. However, in both of those cases, the Supreme Court determined the Double Jeopardy Clause was implicated because conviction of the greater crime could not occur without conviction of the lesser crime. *See Harris*, 433

-13-

U.S. at 682; *Brown v. Ohio*, 432 U.S. at 168. As previously discussed, the statutes in this case may have some overlapping elements, but both clearly have elements distinct and separate from each other, causing us to reject Ms. Crook's claim that one is a lesser included offense of the other. In addition, as the Eighth Circuit has explained, § 666 was enacted as a separate offense from § 641 when Congress, in enacting § 666 and examining the law prior to its enactment, stated:

> thefts from other organizations or governments receiving federal financial assistance can be prosecuted under the general theft of federal property statute, 18 U.S.C. 641, only if it can be shown that the property stolen is property of the United States. In many cases, such prosecution is impossible because title has passed to the recipient before the property is stolen, or the funds are so commingled that the federal character of the funds cannot be shown. This situation gives rise to a serious gap in the law, since even though title to the monies may have passed, the federal government clearly retains a strong interest in assuring the integrity of such program funds.

*United States v. Sabri*, 326 F.3d 937, 943-44 (8th Cir. 2003) (alterations omitted) (quoting S. Rep. No. 98-225, at 369 (1984), *as reprinted in* 1984 U.S.C.C.A.N. at 3182, 3510-11). As the Eighth Circuit points out, "Congress decided that the most effective way to insure the integrity of federal funds disbursed to sub-national agencies was to change the enforcement paradigm from one that monitored federal funds to one that monitored the integrity of the recipient agencies."[7] *Id.* at 944. In this case, the district court dismissed charges Ms.

---

[7] As this court stated in *United States v. LaHue*, "[t]he legislative history [of § 666] reveals ... its underlying purpose [is] to 'protect the integrity of the

(continued...)

-14-

Crook violated § 641 on grounds the government failed to prove the money she took belonged to the federal government – the very problem of proof which Congress addressed in enacting § 666 and requiring no proof of federal ownership for convictions under § 666.  Thus, we hold § 666 is not a lesser included offense of § 641.

Applying the applicable legal principles and our standard of review, we conclude Ms. Crook has not carried her burden of establishing a double jeopardy violation warranting reversal of her conviction under 18 U.S.C. § 666.  Therefore, the district court did not err in denying her motion claiming a double jeopardy violation.

### B.  Sufficiency of the Evidence

As part of the appeal of her conviction, Ms. Crook claims the government failed to offer sufficient evidence to prove elements required for conviction under 18 U.S.C. § 666 "beyond a reasonable doubt."  While she acknowledges the evidence presented established money was missing from the Stilwell Housing Authority rental deposits, she suggests no evidence pointed to her as the source of

----

[7](...continued)
vast sums of money distributed through federal programs from theft, fraud, and undue influence by bribery.'"  170 F.3d 1026, 1030 (10th Cir. 1999) (quoting S. Rep. No. 98-225, at 370 (1984), *as reprinted in* 1984 U.S.C.C.A.N. at 3182, 3511).

the disappearance, or, in other words, no witness submitted "any proof [she] committed the alleged acts of theft, embezzlement or conversion." Apt. Br. at 18-19. Instead, she claims the government's case consisted solely of "speculation and conjecture" and that a HUD "case agent admitted to having nothing but a theory as to [her] guilt ...."[8] Apt. Br. at 4, 18-19. She also notes the government did not attempt to rehabilitate the same agent's testimony after he admitted the theft of money stopped occurring almost a year before she left the housing authority and that he had no information she acquired expensive items, had taken expensive trips, or otherwise changed her lifestyle.

We review de novo the issue of the sufficiency of evidence to support a conviction. *See United States v. Weidner*, 437 F.3d 1023, 1032 (10th Cir. 2006); *McPhilomy*, 270 F.3d at 1307. "In doing so, we consider both direct and circumstantial evidence, and all reasonable inferences therefrom, in the light most favorable to the government." *Weidner*, 437 F.3d at 1032. This court will not reverse a conviction if, "'after viewing the evidence in the light most favorable to

---

[8] Specifically, the HUD Inspector General special agent answered the following question:

Q: And I understand you have got a theory, but then that is what you do, isn't it?
A: Yes.

R., Vol. 2 at 208. From the context of the discussion, we assume the question pertained to a theory that Ms. Crook took the missing money.

the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *McPhilomy*, 270 F.3d at 1307 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In so doing, we do not question the jury's credibility determinations or its conclusions about the weight of the evidence. *Weidner*, 437 F.3d at 1032. In considering evidence sufficient to prove theft or conversion under 18 U.S.C. § 666, "we said that even though so-called direct evidence may be lacking, a criminal conviction can be sustained solely on circumstantial evidence," and "circumstantial evidence is entitled to the same weight as that given to direct evidence in determining the sufficiency of the evidence to support a guilty verdict." *United States v. Neighbors*, 23 F.3d 306, 308-10 (10th Cir. 1994) (quotation marks and citation omitted) (holding circumstantial evidence, resulting in part from an audit, sufficiently established defendant was the only pharmacist who converted drugs for his own purposes, even though evidence did not include any eyewitnesses or admissions by the defendant).

In this case, the fact the government did not provide direct evidence Ms. Crook took money from the Stilwell Housing Authority does not mean insufficient evidence supported the jury's verdict. Instead, circumstantial evidence offered by the government established Ms. Crook and only one other employee physically received money from tenants, Ms. Crook was the only

-17-

person who made the bank deposits which did not reconcile with the amount received, and that the theft of money and cover-up continued in the same way after the other employee left. This evidence was sufficient for any rational trier of fact to find the essential element of the crime of theft by Ms. Crook beyond a reasonable doubt. The fact the agent who conducted the investigation admitted to certain circumstances weighing in Ms. Crook's favor, such as the fact she did not appear to have purchased any expensive items, does not change our conclusion. We assume the jury weighed this evidence, together with the government's much more inculpatory evidence, in rendering its guilty verdict. While Ms. Crook may not have changed her lifestyle or spent money on expensive items or trips, the jury reasonably concluded this evidence did not exonerate her as the thief. Similarly, we assume the jury considered the fact no money was taken from the housing authority for approximately a one-year period before Ms. Crook left its employment and concluded, as would we, that this evidence does not establish she was not culpable for the prior theft of money. For these reasons, we conclude sufficient evidence supports the jury's guilty verdict and Ms. Crook's conviction.

### C. *Booker* Issue

In appealing her sentence, Ms. Crook contends the six-level enhancement under U.S.S.G. § 2B1.1(b)(1)(D), for theft of at least $30,000, is improper under the Supreme Court's decision in *United States v. Booker*, because the district

-18-

court permitted a "mini-trial of a substantive offense for the purpose of enhancing the sentence." Apt. Br. at 4-5. More specifically, Ms. Crook objects to the enhancement on grounds the jury did not make a finding beyond a reasonable doubt as to the amount taken. However, during oral argument on this issue, Ms. Crook's counsel conceded that since briefing the issue, the law on this issue has "jelled" without support for Ms. Crook's claim, but nevertheless did not withdraw the issue, preserving it for further review on appeal.

The law regarding enhancement of a sentence based on facts found by a judge rather than a jury under an advisory Guidelines scheme is now settled in this circuit. We have held *Booker* permits enhancement of a sentence on the basis of judicial fact-finding by a preponderance of the evidence when the Guidelines are applied in an advisory manner. *See United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006). In so holding, we have concluded "when a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard." *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir.), *cert. denied*, 126 S. Ct. 468 (2005). "*Booker* therefore does not render judicial fact-finding by a preponderance of the evidence per se unconstitutional. The remedial portion of *Booker* demonstrates that such fact-finding is unconstitutional only when it operates to increase a

defendant's sentence *mandatorily*." *United States v. Dalton*, 409 F.3d 1247, 1252 (10th Cir. 2005).

In this case, the district court recognized it was not bound by the Guidelines, but considered them advisory in nature. It also explained *Booker* did not render judicial fact-finding by a preponderance of the evidence unconstitutional as long as the sentence did not exceed the maximum sentence authorized by the jury verdict. Finally, it determined that while the jury did not make a finding regarding the loss amount, the testimony and evidence presented at trial established the loss figure at $38,400.22,[9] and that a reasonable probability existed that the jury, applying a reasonable doubt standard, would have found the loss to be at least that amount. Under the circumstances presented, it is clear no constitutional error occurred in the district court's factual finding on the amount of theft involved for the purpose of applying the disputed six-level enhancement to Ms. Crook's sentence.

---

[9] In complaining a jury, not a judge, should have determined the amount taken, Ms. Crook has not provided the amount which she believes should have been used to calculate her enhancement and the amount of restitution. Even if we were to construe her appeal as raising an issue that $38,400.22 is inaccurate as to the total theft of rental payments, she has not provided any of the physical evidence admitted at trial, including the receipts and deposit slips at issue or the presentence report summarizing such evidence, both of which were relied on by the district court in determining the total amount taken by Ms. Crook. As previously discussed, "[w]here the record is insufficient to permit review we must affirm." *Scott v. Hern*, 216 F.3d at 912.

IV.  Conclusion

For the foregoing reasons, we **AFFIRM** Ms. Crook's conviction and sentence.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge