NO.
12-07-00127-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      APPEAL
FROM THE 294TH

EX PARTE:

§                      JUDICIAL
DISTRICT COURT OF

FRANK EUGENE WATSON

§                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Frank Eugene
Watson appeals from the trial court’s denial of relief on his pretrial
application for writ of habeas corpus. 
In one issue he argues that double jeopardy principles bar prosecution
for the offense of intoxication assault because he pleaded no contest to the
traffic offense of failure to yield right of way arising from the same
incident.  We affirm. 

 

Background

            On
July 13, 2003, Appellant was involved in a wreck with another vehicle.  The police investigated the wreck.  Appellant was charged by complaint with the
class “C” misdemeanor offense of failure to yield right of way[1]
and was later indicted for the felony offense of intoxication assault.  Appellant pleaded no contest to the failure
to yield charge in a justice of the peace court on August 26, 2003.  The trial court accepted his plea, deferred
the disposition, and dismissed the case on October 27, 2003.  

            The
indictment for intoxication assault was returned in 2005, and Appellant filed
an application for writ of habeas corpus alleging that the prosecution for
failure to yield was a former jeopardy and barred prosecution for intoxication
assault.  The trial court denied relief
after a hearing.  This appeal followed.

 

Double
Jeopardy

            The
Fifth Amendment to the U.S. Constitution contains a Double Jeopardy Clause,
which provides that “[n]o person shall . . . be subject for the same offence to
be twice put in jeopardy of life or limb.” 
U.S. Const. amend. V.  This provision has been interpreted to forbid
prosecution for the same offense after an acquittal or conviction and multiple
punishments for the same offense.  See
Illinois v. Vitale, 447 U.S. 410, 415, 100 S. Ct.
2260, 2264–65, 65 L. Ed. 2d 228 (1980); Watson v. State, 900
S.W.2d 60, 61 (Tex. Crim. App. 1995). 
The seemingly simple language of the Fifth Amendment has proved
difficult to apply.  See, e.g.,
Albernaz v. United States, 450 U.S. 333, 343, 101 S. Ct. 1137,
1144, 67 L. Ed. 2d 275 (1981) (“While the Clause itself simply states that no
person shall ‘be subject for the same offence to be twice put in jeopardy of
life or limb,’ the decisional law in the area is a veritable Sargasso Sea which
could not fail to challenge the most intrepid judicial navigator.”). 

            The
pivot in the cases construing the Fifth Amendment is the term “same offence.”  For a time, the Supreme Court construed the
term to mean that offenses arising from the same conduct were the “same
offence.”  See Grady v.
Corbin, 495 U.S. 508, 522–23, 110 S. Ct. 2084,  2094, 109 L. Ed. 2d 548 (1990).  This case is factually similar to Corbin.  The defendant in that case was charged with
driving while intoxicated and failing to keep to the right of the median.  Id., 495 U.S. at 511-12, 110 S.
Ct. at 2087.  The Court determined that
those offenses arose from the same conduct that formed the basis for the
homicide and assault charges for which the defendant was later indicted and
held that prosecution on the homicide and assault charges was barred by the
Double Jeopardy Clause.  Id.,
495 U.S. at 522–23, 110 S. Ct. at 2094. 
Three years later, the Court decided that Corbin lacked
constitutional roots and was inconsistent with earlier precedent.  United States v. Dixon, 509
U.S. 688, 704, 113 S. Ct. 2849, 2860, 125 L. Ed. 2d 556 (1993).  The Court overruled Corbin and
reverted to the previous  Blockburger[2]
rule or test.  Id., 509
U.S. at 703–04, 113 S. Ct. at 2059–60.

            Under
the Blockburger test, two offenses are the “same offence” for
double jeopardy purposes only if neither offense has a statutory element that
the other does not.  Blockburger,
284 U.S. at 304, 52 S. Ct. at 182; Ortega v. State, 171 S.W.3d
895, 899–900 (Tex. Crim. App. 2005). 
Applying the Blockburger test to the elements of the
offenses here, it is plain that the offense of failure to yield right of way is
not the “same offence” as intoxication assault. 
Failure to yield right of way has the following elements: 1) an operator
shall yield the right of way, 2) to turn left at an intersection or into an
alley or private road or driveway, 3) to a vehicle that is approaching from the
opposite direction and that is in the intersection or in such proximity to the
intersection as to be an immediate hazard. 
Tex. Transp. Code Ann. §
545.152 (Vernon Supp. 2007).  The
elements of intoxication assault are 1) a person, by accident or mistake, 2)
while operating a motor vehicle in a public place while intoxicated, 3) by
reason of that intoxication causes serious bodily injury to another.  Tex.
Penal Code Ann. § 49.07 (Vernon Supp. 2007).  The two offenses do not have elements in
common, except for an “operator,” and each has elements that the other does
not.  

            Appellant
argues that the traffic offense is a lesser included offense of intoxication
assault and that we must compare the actual charging instruments to see if
elements are in common.  Generally, a
greater offense is the “same” as any lesser offense included in it, and so the
intoxication assault prosecution would be barred if the dismissed misdemeanor
prosecution is a former jeopardy[3] and if it is a lesser included
offense.  See, e.g., Brown
v. Ohio, 432 U.S. 161, 168–69, 97 S. Ct. 2221, 2226–27, 53 L. Ed. 2d
187 (1977) (Joyriding is a lesser included offense of theft of an automobile.);
Stephens v. State, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990); see
also Hayward v. State, 158 S.W.3d 476, 479 (Tex. Crim. App. 2005). 

            Appellant
is correct that the charging instruments must be examined to determine if one
of these is a lesser included offense of the other.  There are two common ways that an offense can
be a lesser included offense of another. 
Some offenses have an element that is another offense.  For example, when conviction for felony
murder requires proof of a predicate felony, the predicate felony is the “same
offence” as the felony murder offense for double jeopardy purposes.  See Harris v. Oklahoma, 433
U.S. 682, 682, 97 S. Ct. 2912, 2913, 53 L. Ed. 2d 1054 (1972).  But the charging instrument of the greater
offense must be examined to determine if it is the predicate offense that is
alleged, or just allegations about the predicate offense.  See Langs v. State, 183 S.W.3d
680, 686 (Tex. Crim. App. 2006) (Whether burglary is the same offense as a
predicate offense depends on whether the predicate offense is pleaded as an
element or if intent to commit that offense is pleaded.).  This issue is not present in this case
because intoxication assault, unlike felony murder and one variant of burglary,
does not require proof of another offense as an element.

            Traditional
lesser included offenses are those established by the same evidence required to
prove the greater offense.  Tex. Code Crim. Proc. Ann. art. 37.09(1) (Vernon Supp. 2007);   Hall v. State, 225 S.W.3d 524,
535 (Tex. Crim. App. 2007).  In Hall,
the court of criminal appeals has adopted the “cognate pleadings” test to
evaluate whether an offense is a lesser included offense of another.  Hall v. State, 225 S.W.3d 524,
535 (Tex. Crim. App. 2007).  This test is
different from the Blockburger test in that the statutory
elements of the greater offense, as modified by the particular allegations
in the indictment, are compared with the statutory elements of the lesser
offense, rather than a comparison of the statutory elements of each.  Id. at 536 (emphasis added); see
also Girdy v. State, 213 S.W.3d 315, 319 (Tex. Crim. App. 2006) (An
offense is a lesser included offense if it is “established by proof of the same
or less than all the facts required to establish the commission” of the greater
offense.).

            But
even if a traffic offense can be pleaded as a lesser included offense of
intoxication assault,[4] and even if the dismissed misdemeanor
prosecution can act as a jeopardy bar, the trial court properly denied
relief.  In the indictment, the grand jury
alleged that Appellant, while intoxicated and operating a vehicle in a public
place, caused serious bodily injury to another by accident or mistake by “failing
to yield the right of way while turning left.” 
The indictment did not allege that the accident or mistake occurred in
an intersection, which is an element of the misdemeanor offense of failure to
yield.  Tex.
Transp. Code Ann. § 545.152.  Nor
did the indictment allege that Appellant committed the offense of failure to
yield.  Therefore, that the
offense occurred in an intersection is an element of the misdemeanor offense,
but is not an element of intoxication assault as charged.  See Parrish v. State, 869
S.W.2d 352, 355 (Tex. Crim. App. 1994) (Speeding is not the same offense
as driving while intoxicated.); Ephraim v. State, No.
06-07-00030-CR, 2007 Tex. App. LEXIS 8382, at *5 (Tex. App.–Texarkana Oct. 24,
2007, no pet. h.) (mem. op., not designated for publication) (Unsafe speed is
not the same offense as intoxication assault.). 
The State’s evidence may show that the wreck occurred in an
intersection, but that fact is not necessary or required for a conviction.  And a failure of proof on that issue would
not lead to an acquittal, as it would in the prosecution for the failure to
yield offense.  Therefore, the
misdemeanor failure to yield is not an included offense of the felony
intoxication assault.  

            The
class “C” misdemeanor offense of failure to yield right of way is not the same
offense as intoxication assault.  The
State’s pleading of the intoxication assault indictment to include the words “failing
to yield right of way” does not make the misdemeanor offense a lesser included
offense because intoxication assault does not require proof of an underlying
offense and because the State did not allege all of the elements of the
misdemeanor offense in the indictment for intoxication assault.  Because the two offenses are different
offenses, the State may seek punishment on each.  We overrule Appellant’s sole issue.

 

Disposition

            We
affirm the judgment of the trial court.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered December 12, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1]
The title of the offense is “Vehicle Turning Left.”  Tex.
Transp. Code Ann. § 545.152 (Vernon Supp. 2007).  For ease of reading, we refer to it as “failure
to yield right of way” or “failure to yield.”





[2]
Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed.
306 (1932).





[3] Because the offenses are not the same, we do
not reach the question of whether the dismissed misdemeanor offense is a former
jeopardy.  See, e.g., Akhil
Reed Amar, Double Jeopardy Law Made Simple, 106 Yale L. J. 1807, 1840 (1997) (“Until there is a final
winner [acquittal or conviction], the first jeopardy has not ended, and further
proceedings do not place a person in jeopardy a second time - ‘twice.’”).





[4] We express no opinion on this question, but the
Supreme Court has never cleaved to the notion that every lesser included
offense, even those whose elements are included in the greater offense, is the “same
offence” as the greater offense. See Garrett v. United States,
471 U.S. 773, 790-93, 2416–18, 85 L. Ed. 2d 764 (1985); Diaz v. United
States, 223 U.S. 442, 449, 32 S. Ct. 250, 251, 56 L. Ed. 500 (1912).