STATE *ex rel.* CLARENCE B. HALL

*v.*

THE HONORABLE E. D. STRICKLER, *Judge,*

*etc., et al.*

(No. 15264)

Decided December 11, 1981.

*Barber & Dunn and Ralph Dunn* for relator.

*Chauncy H. Browning,* Attorney General, *Silas B. Taylor,* Assistant Attorney General, and *Victor A. Barone,* Deputy Attorney General, for respondents.

HARSHBARGER, CHIEF JUSTICE:

We are asked to prohibit the Nicholas County Circuit Court from trying Clarence Hall for robbery. A May, 1980 two-count indictment charged Hall with first-degree murder[1] and robbery of Ralph Barnett. On the first day of trial

---

[1] Murder in the commission of certain enumerated felonies is first-degree murder. Code, 61-2-1. This is known as felony-murder.

the following *in camera* exchange transpired between defense counsel and trial court:

[DEFENSE COUNSEL]: If your Honor please, this is an indictment that contains two counts, the first count is for murder and the second count is for armed robbery, and as I understand the law, the defendant has the right to make a motion for severance at any time up until time for trial. At this time we move it be severed and that he be granted two separate trials on the two counts of the indictment.

THE COURT: Before I rule on this, are you gentlemen aware, I am sure you are, and have you advised him that although the first count is a murder one count and the second count is an armed robbery count that the evidence of the robbery would likewise come in in the murder case?

[DEFENSE COUNSEL]: He has been advised of that. I am not sure that is what the law is, but I don't think it is. We will cross that bridge when we come to it.

THE COURT: That's right exactly. I think the law is pretty clear on that. You have moved for severance. It is up to the State to elect which one.

[PROSECUTOR]: The State elects to try the first count.

THE COURT: The murder. The Court would grant the defendant's motion for severance of the two counts and grant him a separate trial on each of the two counts and the State has elected to try him on the murder count, so we will try him on the first count then, the one alleging murder. Is there anything further before we call a jury?

[PROSECUTOR]: I can't think of anything.

Hall was convicted for first-degree murder after a trial in which the robbery evidence had been admitted. When

Robbery is the underlying felony elevating the murder to first degree in this case.

prosecution was commenced on the robbery charge, defendant asserted a double jeopardy bar.

Robbery is a lesser included offense of felony-murder if a conviction for the greater offense (felony-murder) could not be had without conviction for the lesser crime (robbery).

> When as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one. (Footnote and citations omitted.) *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 2913, 53 L.Ed.2d 1054, 1056 (1977).

Conviction for a lesser included offense after conviction for the greater crime violates Fifth Amendment protections as applied by the Fourteenth Amendment to the States. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). As early as 1889 the United States Supreme Court ruled that:

> "[W]here . . . a person has been tried and convicted for a crime which had various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."
> *In re Nielsen*, 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118, 122 (1889).

Our W. Va. Const. art, III, § 5 prohibits putting a defendant twice in jeopardy of life or liberty for the same offense. Syllabus Point 1 of *State ex rel. Johnson v. Hamilton*, ___ W. Va. ___, 266 S.E.2d 125, *cert. denied*, 449 U.S. 1036, 101 S.Ct. 613, 66 L.Ed.2d 498 (1980), and *State ex rel. Dowdy v. Robinson*, 163 W. Va. 154, 257 S.E.2d 167 (1979), define "same offense" as mentioned in our constitution:

> " 'In West Virginia the term 'same offense' [sic] as used in the double jeopardy provision of W.Va. Const., art. 3, § 5 shall be defined by either the 'same evidence test' which provides that offenses are the same unless one offense requires proof of a

fact which the other does not, or the 'same transaction test' which provides that offenses are the same if they grow out of a single criminal act, occurrence, episode or transaction; therefore, whichever test affords the defendant the greater protection must be applied.' Syl. pt. 1, *State ex rel. Alan Gary Dowdy v. Dan C. Robinson, as Judge, etc.*, 163 W.Va. 154, 257 S.E.2d 167 (1979).' " *State ex rel. Johnson v. Hamilton*, ___ W. Va. ___, 266 S.E.2d 125 (1980), Syllabus Point 1.

In *Johnson* the Court stated: "It has always been the law that a person cannot be punished for both a lesser included offense and the greater crime when the elements of the first are necessarily included in the elements of the second. (Citations omitted.)" *Id.* at 128-129.

Did defendant's motion for severance waive his double jeopardy right, per *Johnson, supra*?[2] Were these similar or multiple offenses arising from the same transaction rather than greater and lesser-included offenses, we might agree. Because the double jeopardy clause prohibits multiple trials *and multiple punishments, Conner v. Griffith*, 160 W. Va. 680, 238 S.E.2d 529 (1977), Syllabus Point 1 (emphasis added), and because, even if defendant waived the multiple trial aspect, he did not waive the multiple punishment provision, we find that a second trial on the robbery count would be constitutionally impermissible. A trial would be a total waste of judicial resources because the court would be foreclosed from imposing any additional punishment over the felony-murder sentence.

We recently stated that in cases involving multiple count indictments: "The granting of a motion for severance for prejudicial joinder rests within the sound discretion of the trial court (citations omitted)." *Watson, supra* 274 S.E.2d at 444, Footnote 10. For indictments charging only greater and lesser included offenses, a defense sever-

---

[2] *Johnson*, which was in force at the time of Hall's trial, has since been modified in *State ex rel. Watson v. Ferguson*, ___ W. Va. ___, 274 S.E.2d 440 (1980).

ance motion should not be granted if the state elects to try the greater offense first.

*Prohibition granted.*