697 S.E.2d 47

**STATE of West Virginia ex rel. Pamela Jean GAMES–NEELY, Petitioner Below,**

v.

**Honorable Gray SILVER, III, Judge of the Circuit Court of Berkeley County; and James L. Blackford, III, Respondents Below.**

No. 35499.

Supreme Court of Appeals of West Virginia.

Submitted May 4, 2010.

Decided June 3, 2010.

---

Christopher Quasebarth, Chief Deputy Prosecuting Attorney, Martinsburg, WV, for Petitioner.

Jack Hickok, John Adams, Public Defender Corporation, for Respondent, Blackford.

McHUGH, Justice:

Petitioner Pamela Games–Neely, the Prosecuting Attorney of Berkeley County, seeks a

writ of prohibition to prevent the Circuit Court of Berkeley County from enforcing its order of March 4, 2010, through which the trial court dismissed count one of a three-count indictment returned against James L. Blackford, III. In dismissing count one, which set forth the offense of arson in the first degree, the trial court took the position that first degree arson was a lesser included offense of arson resulting in serious bodily injury.[1] Upon our careful review of the statutory offenses at issue, we conclude that the trial court's decision to dismiss the charge of first degree arson based on double jeopardy concerns was in error.[2] Accordingly, we reverse.

## I. Factual and Procedural Background

Mr. Blackford was indicted in the October 2009 term of court with three separate offenses: (1) felony arson first degree in violation of West Virginia Code § 61–3–1(a); (2) felony setting fire to lands in violation of West Virginia Code § 61–3–6; and (3) arson resulting in serious bodily injury in violation of West Virginia Code § 61–3–7(b). Two weeks before the scheduled trial date, Mr. Blackford filed a motion to dismiss count one of the indictment. In support of this motion, he argued that a potential double jeopardy violation[3] was presented based on his contention that first degree arson is a lesser included offense of arson resulting in serious bodily injury. See supra note 1.

Following a hearing held on March 3, 2010, the trial court entered an order on March 4, 2010, granting Mr. Blackford's motion to dismiss count one of the indictment. In response to this ruling, Petitioner filed motions with the trial court seeking a reconsideration of the dismissal ruling along with a stay and a continuance.[4] Pursuant to this Court's original jurisdiction,[5] Petitioner sought a writ of prohibition in connection with the trial court's dismissal of the first degree arson

charge. By order entered on March 10, 2010, this Court issued a rule to show cause as to why a writ of prohibition should not issue.

## II. Standard of Review

The standard by which we decide whether to issue a writ of prohibition is set forth in syllabus point four of State ex rel. Hoover v. Berger, 199 W.Va. 12, 483 S.E.2d 12 (1996):

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

With this standard in mind, we proceed to determine whether a writ of prohibition should issue in connection with the trial court's decision to dismiss count one of the indictment returned against Mr. Blackford.

---

1. As we recognized in State ex rel. Hall v. Strickler, 168 W.Va. 496, 285 S.E.2d 143 (1981), successive prosecutions for greater and lesser included offenses which occur in the same sequence of events are typically barred by double jeopardy principles.

2. See U.S. Const. amend. V; W.Va. Const. art. III, § 5.

3. See W.Va. Const. art. III, § 5 (prohibiting multiple punishments for same offense); see generally State v. Gill, 187 W.Va. 136, 416 S.E.2d 253 (1992) (discussing double jeopardy protections).

4. The trial court denied these motions on March 8, 2010.

5. See W.Va. Const. art. VIII, § 3.

### III. Discussion

■ The trial court was convinced that permitting Mr. Blackford to stand trial on the charges of arson in the first degree and arson resulting in serious bodily injury presented the possibility of a double jeopardy violation. *See* W.Va. Const. art. III § 5. Viewing first degree arson as a lesser included offense of arson resulting in serious bodily injury, the trial court concluded that if a jury found Mr. Blackford guilty of both of these offenses, the double jeopardy clause could be violated by the imposition of multiple punishments for the same underlying acts of arson. *See State v. Gill*, 187 W.Va. 136, 141, 416 S.E.2d 253, 258. Petitioner asserts that the trial court erred in reaching this conclusion based on the fact that first degree arson is not a lesser included offense of arson resulting in serious bodily injury and the reasoning this Court employed in *State v. Penwell*, 199 W.Va. 111, 483 S.E.2d 240 (1996).

■ As we discussed in *Gill*, three separate constitutional protections are contained within the guarantee that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *see* W.Va. Const. art. III, § 5 (providing that "[n]o person shall ... be twice put in jeopardy of life or liberty for the same offense). Through the double jeopardy clauses of our state and federal constitutions, citizens are protected against: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *See Gill*, 187 W.Va. at 141, 416 S.E.2d at 258 (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). Like this case, the issue presented in *Gill* was the third component of the double jeopardy clause: the protection against multiple punishments for the same offense.

■ Preventing a sentencing court from imposing punishment that differs from what the legislature has designated is the objective which underlies the prohibition of multiple punishments for the same offense. *Gill*, 187 W.Va. at 141, 416 S.E.2d at 258 (citing *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)). Consequently, the determination of whether multiple punishments for the same underlying offense run afoul of the double jeopardy clause is controlled by legislative intent. *See Gill*, 187 W.Va. at 141–42, 416 S.E.2d at 258–59. Under the test first announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), violations of double jeopardy were initially based solely upon a determination of whether "there [we]re two offenses or only one" and that issue was arrived at by examining "whether each provision require[d] proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. 180. However, as the United States Supreme Court subsequently recognized, the test announced in *Blockburger* is not determinative in all instances because a legislative body has the prerogative to impose cumulative punishments for the same conduct. *Gill*, 187 W.Va. at 142, 416 S.E.2d at 259 (discussing how presumption underlying *Blockburger* test is that Congress *ordinarily* does not impose punishment under separate statutes for the same offense). In view of this clear sentencing prerogative, we evaluate multiple punishments for double jeopardy purposes by the following standard:

> In ascertaining legislative intent, a court should look initially at the language of the involved statutes and, if necessary, the legislative history to determine if the legislature has made a clear expression of its intention to aggregate sentences for related crimes. If no such clear legislative intent can be discerned, then the court should analyze the statutes under the test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether each offense requires an element of proof the other does not. If there is an element of proof that is different, then the presumption is that the legislature intended to create separate offenses.

*Gill*, 187 W.Va. at 138, 416 S.E.2d at 255, syl. pt. 8.

In *Penwell*, this Court considered the analogous issue of whether aggravated robbery and assault during the commission of a felony were separate offenses for purposes of double jeopardy by applying the standard we

adopted in *Gill*. As an initial matter, we examined whether the appellant's conviction for assault in the commission of a felony was a lesser included offense of aggravated robbery. By definition, as we acknowledged in *Penwell*, a lesser included offense " 'must be a less serious crime in terms of its classification and degree.' " 199 W.Va. at 116, 483 S.E.2d at 245 (quoting 42 C.J.S. *Indictments and Informations* § 218 (1991)). After comparing the respective sentences for the two offenses at issue, we determined that assault in the commission of a felony was the " 'lesser' offense" in terms of length of sentence as it carried a term of two to ten years in the penitentiary whereas aggravated robbery carried a penalty of not less than ten years.[6] 199 W.Va. at 116, 483 S.E.2d at 245. Because the inquiry does not end there for double jeopardy purposes, however, we next examined whether the Legislature intended to create two separate offenses with two separate punishments.

An analysis of the elements of the respective offenses in *Penwell* revealed that the state could prove that a person committed aggravated robbery "by presenting firearms or other deadly weapons without actually shooting, stabbing, cutting, or wounding the victim." 199 W.Va. at 116, 483 S.E.2d at 245 (citing W.Va.Code § 61–2–12). However, as we recognized in *Penwell*, the state cannot prove an assault in the commission of the felony of aggravated robbery "without proving each and every element of the commission of, or attempt to commit, the crime of aggravated robbery." *Id.* at 116, 483 S.E.2d at 245 (citing W.Va.Code § 61–2–10). By enacting the offense of assault during the commission of a felony, we determined that the Legislature "clearly intended to impose punishment in addition to that specified for the underlying felony, if the criminal actor shot, cut, stabbed, or wounded another person during the attempt to commit or the commission of the underlying felony and to classify that additional conduct as felonious." In this fashion, we reasoned that West Virginia Code § 61–2–10, which sets forth the

offense of assault in the commission of a felony, "acts as an enhancement statute where conduct otherwise defined as felonious is executed in such a manner that another person—a victim of the underlying felony or a witness or other bystander—is shot, cut, stabbed, or wounded in the process." *Penwell*, 199 W.Va. at 116, 483 S.E.2d at 245. Based on our conclusion that the Legislature clearly intended that aggravated robbery and assault during the commission of a felony were two separate offenses, we determined in *Penwell* that the trial court did not commit error by refusing to dismiss the count which set forth the offense of assault during the commission of a felony. *Id.* at 116, 483 S.E.2d at 245.

▪ With regard to Mr. Blackford's contention that first degree arson is a lesser included offense of arson resulting in serious bodily injury, Petitioner argues that first degree arson cannot be a lesser included offense because it carries the lengthier sentence between the two offenses under discussion. We agree. Since the penalty for first degree arson is two to twenty years in the penitentiary and the penalty for arson resulting in serious bodily injury is only three to fifteen years, the offense of first degree arson is clearly the more serious of the two crimes. *See Penwell*, 199 W.Va. at 116, 483 S.E.2d at 245. Accordingly, we hold that the offense of first degree arson set forth in West Virginia Code § 61–3–1(a) is not a lesser included offense of arson resulting in serious bodily injury which is set forth in West Virginia Code § 61–3–7(b). Because the determining factor where multiple punishments for the same offense are alleged is legislative intent, we turn to the issue of whether the Legislature has made it clear that the offenses of first degree arson and arson resulting in serious bodily injury were expressly designed to mete out two distinct punishments for the same underlying conduct. *See U.S. v. Ayala*, 601 F.3d 256, 265 (4th Cir.2010) (recognizing that "when a defendant violates more than

---

6. Despite our recognition of assault in the commission of a felony as being the " 'lesser' offense" in terms of punishment, we did not agree with the defendant's argument that "the crime of assault in the commission of a felony is a 'lesser included' offense within the crime of 'aggravated robbery.' " *Penwell*, 199 W.Va. at 116, 483 S.E.2d at 245.

 

one statute in a single course of conduct, a court may impose multiple punishments without violating the Double Jeopardy Clause if the legislature authorizes it to do so").

■ Petitioner argues that the Legislature has made it clear that West Virginia Code § 61–3–7(b), which sets forth the offense of arson resulting in serious bodily injury, acts as an enhancement statute with regard to conduct that meets the statutory definition of first degree arson. Applying the reasoning we used in *Penwell*, Petitioner observes that the state can prove the elements of the felony offense of first degree arson under West Virginia Code § 61–3–1(a) [7] without proving the single additional element of bodily injury that is necessary to prove arson resulting in serious bodily injury.[8] Similar to our discussion in *Penwell* as to how the elements of aggravated robbery are necessary for proof of assault in the commission of a felony offense but not the inverse, the same analysis applies to the two offenses under discussion here. To show arson resulting in serious bodily injury, the state must first prove the elements of first degree arson, but all the elements of arson resulting in serious bodily injury are not required to prove first degree arson. This statutory distinction convinces us that the Legislature intended to impose punishment in addition to that specified for the underlying felony of first degree arson when the felony act of arson also "causes serious bodily injury which maims, disfigures, or disables any person, but does not result in death." W.Va.Code § 61–3–7(b). By enacting West Virginia Code § 61–3–7(b) in 1997, the Legislature intended that the same acts that constitute the offense of arson in the first degree under West Virginia Code § 61–3–1(a) may also constitute the offense of arson resulting in serious bodily injury if the felonious conduct at issues maims, disfig-

ures, or disables any person resulting in serious bodily injury. Thus, West Virginia Code § 61–3–7(b) serves as an enhancement statute when the conduct qualifying as first degree arson also results in serious bodily injury.

Based on our determination that the Legislature intended to impose enhanced punishment with its enactment of the offense of arson resulting in serious bodily injury, we determine that the trial court committed error in dismissing count one of the indictment returned against Mr. Blackford. Having concluded that Petitioner has demonstrated clear legal error, the necessary grounds for issuing a writ of prohibition have been met. *See Hoover*, 199 W.Va. at 14–15, 483 S.E.2d at 14–15, syl. pt. 4. Accordingly, we issue a writ of prohibition to prevent the enforcement of the March 4, 2010, order of the Circuit Court of Berkeley County with regard to the dismissal of count one of the indictment returned against Mr. Blackford.

Writ granted.

---

**7.** To prove arson in the first degree, evidence must be adduced to show that a "person ... willfully and maliciously sets fire to or burns, or who causes to be burned, or who aids, counsels, procures, persuades, incites, entices or solicits any person to burn, any dwelling, whether occupied, unoccupied or vacant, or any outbuilding, whether the property of himself or herself or of another...." W.Va.Code § 61–3–1(a).

**8.** To prove arson resulting in serious bodily injury, evidence must be adduced to demonstrate that a "person ... violate[d] the provisions of sections one, two, three, four, five or six of this article [chapter 61, article 3], which violation causes serious bodily injury which maims, disfigures, or disables any person, but does not result in death...." W.Va.Code § 61–3–7(b).